Argued January 16, affirmed March 19, 1979

JACKSON, *Petitioner,*
*v.*
TILLAMOOK GROWERS CO-OP, *Respondent.*
(WCB 77-7962, CA 12178)

592 P2d 235

Harlan Bernstein, Portland, argued the cause for petitioner. With him on the brief were William B. Aitchison and Franklin, Bennett, Ofelt & Jolles, P.C., Portland.

[247]

■■■■■■■■■■■■■■■■■■■■

Frank A. Moscato, Portland, argued the cause for respondent. With him on the brief were James M. Callahan and Gearin, Landis & Aebi, Portland.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

THORNTON, J.

■■■■■■■■

## THORNTON, J.

Claimant appeals an order of the Workers' Compensation Board affirming a referee's determination that claimant is not entitled to workers' compensation benefits under the Oregon law on account of injuries claimant sustained while in California. Both the Board and the referee concluded that claimant, a long-haul truck driver, was based in California and thus did not fall within the ambit of ORS 656.126(1), which provides:

> "If a worker employed in this state and subject to ORS 656.001 to 656.794 temporarily leaves the state incidental to that employment and receives an accidental injury arising out of and in the course of his employment, he, or his beneficiaries if the injury results in death, is entitled to the benefits of ORS 656.001 to 656.794 as though he were injured within this state."

The sole issue before us is whether the Board was correct in deciding that claimant was not subject to coverage under the Oregon Workers' Compensation Act at the time of his injuries.

Employer is a corporation organized under the cooperative laws of the State of Oregon and is engaged in interstate trucking. Its main terminal, however, is located in a southern California community called Paramount. Claimant, a resident of Portland, submitted an application for employment with the general manager of employer's Portland terminal. Three weeks later, claimant was called to work as a second driver on a cross-country trip bound for Virginia. Upon arriving in Virginia, he and his partner, who was designated the lead driver of the pair, then proceeded to the Paramount terminal in California. Approximately three months after he had begun working for employer, claimant suffered visual and respiratory damage apparently by inhaling chlorine gas generated by a combination of chemicals being used to unclog a kitchen sink at a motel in Paramount.

[249]

The record shows that all 72 drivers working for employer, including claimant, called the dispatcher of the Paramount office on a daily basis to receive instructions regarding future runs. All employes, including claimant, received paychecks from the Paramount office. From each of those paychecks, the employer withheld California income taxes. It is common for employer to reimburse lead drivers for overnight expenses incurred while on the road. No lead drivers, including claimant's partner, were reimbursed for expenses when they stayed in the southern California area. On the other hand, claimant's partner was reimbursed whenever he spent the night in Portland.

Claimant calls to our attention three facts in support of his contention that he is an Oregon worker within the meaning of ORS 656.126(1). First, a Department of Transportation official testified that according to Department definitions, claimant was an Oregon-based driver. Second, on daily log forms which interstate commercial drivers are required to fill out and submit to their carriers, claimant listed Portland as his "home base." Third, claimant cites his testimony that he believed himself to be an Oregon employe.

■■  The above facts do not bring claimant within the coverage of the Oregon Act. That claimant considered himself an Oregon-based driver and wrote it that way on his official daily log forms, notwithstanding his supervisor's directions to the contrary, would not serve to make him an Oregon-based driver. The federal transportation official's conclusion that claimant was an Oregon-based driver was predicated on claimant's own entries. The critical determinant in deciding if a worker falls within ORS 656.126(1) is whether the worker is permanently, as opposed to temporarily, employed in Oregon. *Kolar v. B & C Contractors,* 36 Or App 65, 69-70, 583 P2d 562 (1978). That claimant was hired in Oregon, drove out of this state on his way to Virginia, and continues to believe he is Oregon-based, does not establish that he was permanently employed

in Oregon.[1] *House v. State Ind. Acc. Com.,* 167 Or 257, 117 P2d 611 (1941).

Affirmed.

---

[1] Claimant testified that he stayed at home in Portland six or seven days during the period of his employment with respondent. The testimony did not disclose, however, whether that time was spent in work-related rest periods or layovers between assignments.