In the Matter of the Compensation of
Robert Hollingsworth, Claimant.
HOLLINGSWORTH,
*Petitioner,*
*v.*
MAY TRUCKING AND INDUSTRIAL
INDEMNITY CO.,
*Respondents.*

(WCB 80-9197 and, WCB 80-11433, CA A23266)

651 P2d 188

Kathryn T. Whalen, Portland, argued the cause for petitioner. With her on the brief was Richardson, Murphy & Lawrence, Portland.

John E. Snarskis, Portland, argued the cause for respondents. On the brief was Gary D. Hull, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant appeals an order of the Workers' Compensation Board that affirmed the referee's order that he was not entitled to benefits. The issue is whether claimant is covered under the Oregon Workers' Compensation Law.

Claimant started driving for May Trucking, an Idaho based company, in September, 1978. In June, 1979, he suffered a lumbar strain during a delivery in Seattle. His claim was accepted, and benefits were paid under the Idaho workers' compensation law. Claimant requested a hearing on that claim, which was still pending at the time of the hearing on this claim.

Claimant suffered an acute back strain in May, 1980, while working in California. He filed an Oregon claim, alleging a new injury. The carrier denied that claim in September, 1980, contending that the injury was an aggravation of his 1979 injury. In December, 1980, he filed this claim for aggravation of his 1979 injury. The carrier denied the claim, asserting that claimant was not covered by the Oregon Workers' Compensation Law. Claimant appealed both denials. A referee denied both claims on the basis that claimant was not covered. He also concluded that the May, 1980, incident was an aggravation of claimant's June, 1979, injury.

A covered worker permanently employed in Oregon who temporarily leaves the state incidental to his employment and who receives an injury arising out of and in the course of his employment while out-of-state is entitled to benefits as if he had been injured within Oregon. ORS 656.126(1). The issue is whether the worker is permanently, as opposed to temporarily, employed in Oregon at the time of an out-of-state injury. *Langston v. K-Mart,* 56 Or App 709, 642 P2d 1205, *rev den* 293 Or 235 (1982).

Claimant, whose home is in Oregon, was hired by May Trucking's home office in Idaho in 1978. May was aware that he lived in Oregon and, in fact, expressed some concern that his trips would not take him back to his home. He assured May that that would present no problem, and he agreed to drive anywhere he was sent. At the time, May

had approximately 100 drivers, about 10 percent of whom lived outside of Idaho. Paychecks were issued by May's Idaho office, and withholding taxes and workers' compensation contributions were paid to Idaho.

When claimant began working for May Trucking, he parked his vehicle in a fenced area in Portland. He would pick up his loads at various locations. In February, 1979, May began to use parking space at a truck stop in Aurora, Oregon. May was allowed to do so in consideration for buying fuel there.

Claimant received his dispatches and assignments by calling Idaho. After February, 1979, May's drivers were instructed to contact the area coordinator in Aurora if a trip terminated in that area. The area coordinator received his instructions and information from Idaho. If the area coordinator did not have additional information or was unsure what the scheduling was, drivers were instructed to contact Idaho. If a trip terminated in Oregon but not in the Aurora area, drivers were told to contact Idaho rather than the area coordinator in Aurora.

After his June, 1979, injury and until his May, 1980, back pain, claimant drove flatbed trucks, which involved light loading duty. All dispatches of flatbed trucks were made from Idaho. Thus, claimant was dispatched out of Aurora for only a few months and then only if his trip terminated there. Although he made some trips solely in Oregon, no more than 25 percent of his work was in Oregon. He was dispatched almost equally, in addition to Oregon destinations, to points in Washington, California, Idaho and Utah.

Claimant contends that the truck parking arrangements in Oregon, the receipt of dispatches in Aurora and his residence in Oregon make him a permanent Oregon employe who was only temporarily out-of-state when he was injured. May asserts that the case is factually indistinguishable from *Jackson v. Tillamook Growers Co-op.,* 39 Or App 247, 592 P2d 235 (1979). In *Jackson,* the claimant, an Oregon resident, was hired by an Oregon corporation to drive in several states. The employer's main terminal was in California, and all drivers, including the claimant,

called the California office to receive dispatches. All employes, including the claimant, received paychecks from the California office, and from each of those paychecks the employer withheld California income taxes. Three months after he was hired, the claimant was injured in California. We held that the fact that the claimant was hired in Oregon, drove out of Oregon to other states and continued to believe that he was Oregon-based was insufficient to establish that he was permanently employed here.

*Langston v. K-Mart, supra,* is similar. Although *Langston* did not involve a driver, the claimant there was hired in Washington and worked as a regional supervisor, covering 14 states. She later moved to Oregon and resided here, although her regional headquarters were in California. For periods both before and after her injury she had been assigned to a store in Oregon. We held that her work in California, during which she was injured, was not in any way incidental to Oregon employment.

■ ■ *Jackson* and *Langston* hold that residence in Oregon alone is insufficient to make a worker an Oregon employe. Moreover, the occasional receipt of dispatches in Oregon does not establish permanent employment in Oregon, when those dispatches were relayed from May's office in Idaho and were sent only if claimant's trip terminated in the Aurora area. The time spent driving in Oregon, as compared to other states, was insufficient to raise a presumption that Oregon was claimant's regular base of employment or to render all trips out of Oregon "temporary." Claimant agreed to accept trips in any state; no understanding existed between him and May that Oregon was to be his permanent area of employment.[1] We agree with the referee and the Board that claimant was not covered under the Oregon Workers' Compensation Act.

Affirmed.

---

[1] In *Kolar v. B & C Contractors,* 36 Or App 65, 583 P2d 562 (1978), the claimant worked in Oregon only three days before being transferred to the employer's project in Washington. Although he worked in Washington for six months before becoming disabled, the claimant would have been returned to work on projects in Oregon upon completion of his work in Washington. We concluded that the claimant was a permanent Oregon employe temporarily out of the state.