Argued and submitted December 14, 1983, reversed and remanded May 9, 1984

In the Matter of the Compensation of
Norman Wright, Claimant.

WRIGHT,
*Petitioner,*

*v.*

INDUSTRIAL INDEMNITY COMPANY,
*Respondent.*

(82-01105; 82-02772; CA A28208)

680 P2d 1018

Karston H. Rasmussen, Eugene, argued the cause for petitioner. On the brief was Michael M. Bruce, Salem.

Marshall C. Cheney, Portland, argued the cause and filed the brief for respondent. On the brief was Ridgway K. Foley, Jr., P.C., Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant appeals from an order of the Workers' Compensation Board that found that he is not entitled to compensation because he is not an employe covered by the Oregon Workers' Compensation Act. The Board relied on *Hollingsworth v. May Trucking,* 59 Or App 531, 651 P2d 188, *rev den* 294 Or 212 (1982). We reverse and remand.

Claimant, a long-haul truck driver, is employed by May Trucking Company (May). He submitted claims for a back injury sustained when he fell from his truck in Washington state and for a hearing loss he alleged was work-related. The carrier denied both claims on the ground that he was not an employe covered under ORS ch 656.[1] *See Langston v. K-Mart,* 56 Or App 709, 711, 642 P2d 1205, *rev den* 293 Or 235 (1982). The referee and the Board agreed.

The evidence here shows a substantial increase in the contacts May has had with Oregon since *Hollingsworth* was decided in 1982. Our decision in *Hollingsworth* is no longer controlling. There, the claimant was hired in Idaho. At that time, May had approximately 100 drivers, only 10 percent of whom lived outside Idaho. Paychecks were issued from Idaho, and Idaho income taxes were withheld. The claimant parked his truck at a truck stop in Aurora, Oregon, where May employed an area coordinator. The coordinator received his instructions from Idaho, and May's drivers only contacted him if their trips terminated near Aurora. The claimant was rarely dispatched from Aurora, and he performed not more than 25 percent of his work in Oregon. *See Jackson v.*

---

[1] ORS 656.027 provides:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(5) A worker engaged in the transportation in interstate commerce of goods, persons or property for hire by rail, water, aircraft or motor vehicle, and whose employer has no fixed place of business in this state.

ORS 656.126(1) provides:

"If a worker employed in this state and subject to ORS 656.001 to 656.794 temporarily leaves the state incidental to that employment and receives an accidental injury arising out of and in the course of his employment, he, or his beneficiaries if the injury results in death, is entitled to the benefits of ORS 656.001 to 656.794 as though he were injured within this state."

*Tillamook Growers Coop,* 39 Or App 247, 592 P2d 235 (1979). On those facts, we held in 1982 that the claimant had failed to establish he was a permanent Oregon employe covered by ORS ch 656. We stated:

"* * * [R]esidence in Oregon alone is insufficient to make a worker an Oregon employe. Moreover, the occasional receipt of dispatches in Oregon does not establish permanent employment in Oregon, when those dispatches were relayed from May's office in Idaho and were sent only if claimant's trip terminated in the Aurora area. The time spent driving in Oregon, as compared to other states, was insufficient to raise a presumption that Oregon was claimant's regular base of employment or to render all trips out of Oregon 'temporary.' Claimant agreed to accept trips in any state; no understanding existed between him and May that Oregon was to be his permanent area of employment. * * *" *Hollingsworth v. May Trucking, supra,* 59 Or App at 535.

Since 1982, the facts have changed. Claimant applied for and received his job at May's office in Aurora. May has opened a truck terminal in Brooks, Oregon, where several full-time employes work. Approximately half of its 120 drivers start and complete their trips there.[2] It bases a large number of trucks at Brooks, and they are serviced and repaired there. Employes at May's other major terminal, in Idaho, are not normally permitted to perform routine service on trucks based at Brooks. All trips originating in Oregon are dispatched through the Brooks terminal, although they are coordinated with Idaho. May's drivers operating out of its Brooks terminal receive layover pay when they are laid over anywhere other than Brooks. *See Jackson v. Tillamook Growers Coop, supra,* 39 Or App at 250. Thus, May has a "fixed place of business in this state." *See* ORS 656.027(5); *Giltner v. Commodore Contract Carriers,* 14 Or App 340, 345, 513 P2d 541 (1973). While claimant's paychecks come from Idaho, May withholds Oregon income tax. Claimant is a permanent resident of

---

[2] A short time after May established its Brooks terminal, it established a separate Idaho corporation, Drivers' Employment Services, Inc. (DES). All of May's drivers became employes of DES. DES was formed at the behest of Industrial Indemnity, May's carrier, as a way for May to decrease its workers' compensation costs. The referee concluded that the incorporation and transfer of employes was a "straw" transaction and that May is the true employer. *See Epton v. Moskee Investment Co.,* 180 Or 86, 93, 174 P2d 418 (1946). The Board did not address that finding. It appears that the Board concluded that May is the employer, and May has not contested that conclusion.

Oregon. He began working for May in 1979. Approximately one-third of the miles he logged last year were in Oregon. One-third of his trips originated in Oregon. One-fourth of his destinations and one-tenth of his dispatches have been in or to Oregon. There is no evidence that he spends more time in any other state than he spends in Oregon. Any activity claimant engages in outside Oregon is incidental to his Oregon employment. *See Kolar v. B & C Contractors,* 36 Or App 65, 583 P2d 562 (1978). We conclude that claimant is a permanent Oregon employe.

It is to be expected that long-haul truck drivers will spend substantial time working outside their home states. For that reason, they present a unique class of employes. It would be unfair to deny them their home state's workers' compensation benefits when, as here, a significant portion of their work is performed in their home state.

Reversed and remanded for further proceedings.