Argued October 7, reversed and remanded November 8, 1977

BOWERS, *Appellant,*
*v.*
MATHIS, *Respondent.*
(TC 421-204, SC 25020)
571 P2d 489

Raymond J. Conboy, Portland, argued the cause for appellant. With him on the brief were Dan O'Leary and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Allen Reel, Portland, argued the cause for respondent. With him on the brief were Garr M. King and Kennedy, King & McClurg, Portland.

Before Denecke, Chief Justice, Howell and Lent, Justices, and Gillette, Justice Pro Tempore.

LENT, J.

**LENT, J.**

Plaintiff, an Oregon workman, was injured on the job in Oregon allegedly by the negligence of an employe of the defendant, an employer based in the State of Washington. Plaintiff filed a complaint in negligence and the defendant, by supplemental answer, asserted the statutory "joint premises defense" of former ORS 656.154.[1]

The trial court held an evidentiary hearing pursuant to ORS 656.595(3)[2] to determine the construction of the 1966 "Extraterritorial Reciprocity Agreement" between the workmen's compensation authorities of Oregon and Washington (hereinafter Agreement) and its application to the facts of this case. The trial court ruled that the Agreement governed the rights of the respective parties in this case and that under the Agreement defendant was entitled to the protection of the joint premises defense. Plaintiff appeals from judgment for defendant. We reverse.

The pertinent facts were stipulated as follows: plaintiff was an employe of an Oregon employer who was subject to and in full compliance with the Oregon Workmen's Compensation Law. Defendant, an

---

[1] ORS 656.154 formerly provided in pertinent part:

"(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. *However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on the premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794.*" (emphasis added)

The italicized sentence, popularly known as the "joint premises defense," was abolished, 1975 Or Laws, ch 152, eff. July 1, 1975. In *Cole v. Zidell Explorations, Inc.,* 275 Or 317, 325, 550 P2d 1194 (1976), we held that the repeal was "not retroactive in its application to a case involving an injury prior to * * * July 1, 1975."

[2] ORS 656.595(3) provides:

"A challenge of the right to bring such third party action shall be made by supplemental pleadings only and such challenge shall be determined by the court as a matter of law."

employer located in Washington State, was in compliance with the Washington Workmen's Compensation Law. On October 17, 1973, while plaintiff was within the course and scope of his employment, he sustained injuries which arose therefrom upon premises over which plaintiff's employer and defendant had "joint supervision and control [and] were engaged in the furtherance of a common enterprise and related purpose."

The single issue on appeal is whether the "joint premises defense" applies. There was no comparable defense under Washington law.

The choice of law applicable to this case might seem to be our first task. The defense does not exist, however, under the Washington law, and since we hold that under Oregon law this defendant is not entitled to assert this statutory defense, it matters not which state's law applies.

The first thing that must be noted is that this is an action for damages for injuries resulting from negligence. Under the common law there was no joint premises defense. The statute, being derogative of a common law right, must be strictly construed. *Naber v. Thompson,* 274 Or 309, 311, 546 P2d 467 (1976).

To avail himself of the defense, the defendant must establish two elements. The first, that the defendant or his employe who caused the injury "was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman" was stipulated. The second is that defendant was "subject to ORS 656.001 to 656.794" (the Oregon Workmen's Compensation Law).

The question of whether defendant was "subject to" the Oregon Workmen's Compensation Law is not a determination of fact and is to be resolved as a matter of law. ORS 656.595(3). In making this determination, we look to the Workmen's Compensation Law itself

[ 370 ]

and particularly to ORS 656.126(2), which covers the exact situation presented by this case.

ORS 656.126(2) provides in pertinent part:

"Any workman from another state and his employer in that other state are exempted from the provisions of ORS 656.001 to 656.794 while that workman is temporarily within this state doing work for his employer:

"(a) if that employer has furnished workmen's compensation insurance coverage under the workmen's compensation insurance or similar laws of a state other than Oregon so as to cover that workman's employment while in this state;

"(b) if the extraterritorial provisions of ORS 656.001 to 656.794 are recognized in that other state; and

"(c) if employers and workmen who are covered in this state are likewise exempted from the application of the workmen's compensation insurance or similar laws of the other state."

■ Thus, by fulfilling the conditions set forth above, defendant would be "exempted"[3] from the Oregon Workmen's Compensation Law. It is undisputed that defendant's workman was temporarily in Oregon doing work for the defendant.

The stipulation that defendant was in compliance with the Workmen's Compensation Law of the State of Washington covers the condition of subsection (a), since under the Washington Workmen's Compensation Law, RCWA 51.12.120(1),[4] defendant's workman

---

[3] In Webster's Third New International Dictionary of the English Language, Unabridged 795 (1971) "exempt" is defined as "not subject to an authority or jurisdiction."

[4] RCWA 51.12.120(1) provides:

"If a workman, while working outside the territorial limits of this state, suffers an injury on account of which he, or his beneficiaries, would have been entitled to compensation under this title had such injury occurred within this state, such workman, or his beneficiaries, shall be entitled to compensation under this title: Provided, that if at the time of such injury:

"(a) his employment is principally located in this state; or

"(b) he is working under a contract of hire made in this state for employment not principally localized in any state; or

would be covered by the Washington Workmen's Compensation Law while temporarily employed in Oregon.

The conditions required by subsections (b) and (c) are provided by RCWA 51.12.120(6)[5] and the Agreement promulgated pursuant thereto. The statute empowers the Washington workmen's compensation agency to enter into the Agreement and states that "the jurisdiction of this title [Washington Workmen's Compensation Law] shall be governed by this [Agreement]." The Agreement expressly made "in keeping with the provisions of the Washington Workmen's Compensation Law" recognizes the extraterritorial provisions of the Oregon Workmen's Compensation Law (ORS 656.126).

In addition, the Agreement exempts Oregon employers and workmen from the application of the Washington Workmen's Compensation Law under conditions similar to those under which Washington employers and workmen would be exempt under ORS 656.126(2). The Agreement states that employers and workmen under the jurisdiction of the Oregon Workmen's Compensation Law will be protected under *that* law and "[i]n the event of injury to one of these

---

"(c) he is working under a contract of hire made in this state for employment principally localized in another state whose workmen's compensation law is not applicable to his employer; or

"(d) he is working under a contract of hire made in this state for employment outside the United States and Canada."

ORS 656.126(4) directs this court to take judicial notice of laws of other jurisdictions "whenever in any appeal or other litigation the construction of the laws of another jurisdiction is required."

[5] RCWA 51.12.120(6) provides: "The director shall be authorized to enter into agreements with the appropriate agencies of other states and provinces of Canada which administer their workmen's compensation law with respect to conflicts of jurisdiction and the assumption of jurisdiction in cases where the contract of employment arises in one state or province and the injury occurs in another, and when any such agreement has been executed and promulgated as a regulation of the department under Chapter 34.04 RCW, it shall bind all employers and workmen subject to this title and the jurisdiction of this title shall be governed by this regulation."

[ 372 ]

workmen, his exclusive remedy would be that provided by the Workmen's Compensation Law of the State of Oregon." In addition, the Agreement provides that Oregon employers are exempt from paying insurance premiums on the wages of their workmen while temporarily working in the State of Washington.

Thus, being exempt from the application of the Oregon Workmen's Compensation Law, defendant is not "subject to" the law. Not being "subject to ORS 656.001 to 656.794," he fails to establish the second element of the joint premises defense. *Compare Blaine v. Ross Lbr. Co., Inc.,* 224 Or 227, 237, 355 P2d 461 (1960), and *Carlston v. Greenstein,* 256 Or 145, 471 P2d 806 (1970). The trial court erred in allowing this defense.

Reversed and remanded.