Argued April 27, affirmed September 6, reconsideration denied
October 10, 1978, petition for review withdrawn

KOLAR, *Respondent,*

*v.*

B & C CONTRACTORS, *Petitioner.*

(No. 76-5242, CA 9521)

583 P2d 562

Marshall C. Cheney, Portland, argued the cause and filed the brief for petitioner.

Lyman C. Johnson, Bend, argued the cause for respondent. With him on the brief was Panner, Johnson, Marceau, Karnopp & Kennedy, Bend.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARSON, J.

**RICHARDSON, J.**

Employer appeals an order of the Workers' Compensation Board affirming the decision of the referee which awarded benefits to claimant for injuries received while working on a construction project in Washington. There are three assignments of error. Employer contends the Oregon Workers' Compensation Act has no application to an injury received in Washington. Secondly, it is argued that if the Oregon Act applies, claimant did not sustain a new injury. Finally, employer contends the claim is barred because a previous claim on the same injury was denied by the Washington Compensation Board and claimant received a settlement of his claims for three earlier California injuries.

B & C Contractors has its main office in California but is also licensed to do business in Oregon and Washington. It carries on construction projects in all three states. One of the principals of B & C maintains an office in Bend, Oregon. Claimant was hired in Bend by this company official. Claimant worked in Klamath Falls, Oregon, on one of B & C's projects for approximately three days until that project was completed. He was then transferred to work on the company's project in Grand Coulee, Washington. He maintained his residence in Bend and lived in a small trailer house in Grand Coulee during the work week, returning to Bend on the weekends. The company official also commuted from Bend to Grand Coulee to supervise the workers.

On March 2, 1976, after he had worked on the Grand Coulee project for approximately six months, claimant, while on the job, experienced a severe pain in his lower back while descending a flight of stairs carrying a 40 pound toolbox. He did not lose his footing, but the pain forced him to drop to his knees while clinging to the stair railing. Claimant has been unable to work since the incident.

[ 67 ]

Prior to working for B & C claimant was employed as a truck driver in California, for another employer. While so employed he sustained compensable injuries to his low back on three occasions between 1973 and 1975. He was still being medically treated for his last California injury when he moved to Bend, Oregon. His treatment was transferred to a Bend, Oregon, physician who released him for work without restriction in August of 1975. He began employment with B & C four days after release by the doctor.

Following the incident in Grand Coulee, Washington, claimant filed a claim for compensation in Washington. The claim was denied by the employer's carrier because there was no proof of a specific injury and his condition was not considered to be the result of an industrial injury as defined by the Washington Workmen's Compensation Act, which differs in this regard from the Oregon Act. Claimant did not appeal and the denial became final.

Claimant subsequently, on June 1, 1976, filed a claim in California respecting the three previous injuries in that state. All his California claims were resolved by a compromise agreement which was accepted by the California Workmen's Compensation Appeals Board.

In August of 1976, claimant filed the claim in Oregon which is the subject of this appeal. The referee held the claimant had sustained a new injury covered by the Oregon Act and that his claim was not barred by disposition of the Washington or California claims. The Workers' Compensation Board affirmed the referee.

█ Employer argues the referee and the Board erroneously concluded claimant was covered by the Oregon Workers' Compenation Act. ORS 656.126(1) provides:

> "If a worker employed in this state and subject to ORS 656.001 to 656.794 temporarily leaves the state incidental to that employment and receives an accidental injury arising out of and in the course of his

employment, he, or his beneficiaries if the injury results in death, is entitled to the benefits of ORS 656.001 to 656.794 as though he were injured within this state."

Claimant was hired in Oregon to work for an Oregon employer. He did some work in Oregon for employer before being transferred to the company project in Washington. The company official who hired him testified claimant would have been returned to work on projects in Oregon upon completion of his work on the Grand Coulee project. The referee and the Board were correct in concluding he was temporarily out of the state incidental to his employment with B & C, an Oregon employer.

Employer relies on *House v. State Ind. Acc. Com.,* 167 Or 257, 117 P2d 611 (1941). In that case claimant's husband was hired to work as a car salesman for an Oregon automobile dealer. Subsequently, the employer opened a branch office in California and hired the claimant's husband to manage the branch office. He was killed in an automobile accident in Oregon on his way to a meeting in Portland.

The Supreme Court applied the former section 102-1731, OCLA,[1] but denied the claim because the worker was permanently employed in California. The court noted he did no work for the Oregon dealership and there was no plan for him to return to Oregon.[2]

The language of the former provision construed by the court limited coverage of out-of-state injuries to workers *employed to work in this state* who are temporarily working out of state. The present language of the statute provides coverage to a *"worker*

---

[1] Section 102-1731, OCLA, provided:

"If a workman *employed to work in this state* and subject to this act temporarily leaves the state incidental to such employment and receives an accidental injury arising out of and in the course of his employment, he shall be entitled to the benefits of this act as though he were injured within this state * * *." (Emphasis added.)

[2] The dissenting opinion, joined in by one other justice, concluded the claim was covered. The court's holding was criticized by Professor Larson. *See* 4 Larson, Workmen's Compensation Law 16-65, § 87.24 (1978).

*employed in this state"* who is temporarily working outside the state. The change in language is material since the statute no longer requires the worker to be employed to work in Oregon to receive coverage for an out-of-state injury. It is sufficient if he is employed in this state.

In construing the former provisions of the Act, the Supreme Court in *House,* stated "[b]efore Mr. House would be entitled to the protection of the Oregon law, he must have acquired the status of an employe within this state, which status could not have been attained by him except by rendering service in this state to an employer contributing to the state accident fund." Mr. House was employed in Oregon in the sense that his contract of employment was made in Oregon by an Oregon employer, but he was not employed to work in Oregon. He was permanently, not temporarily, working in California. *House v. State Ind. Acc. Com., supra,* is clearly distinguishable from the case at issue.

Employer also cited *Nadeau v. Power Plant Engr. Co.,* 216 Or 12, 337 P2d 313 (1959). That case dealt with a negligence action filed by a workman against his Oregon employer for injuries sustained in Washington. The court affirmed allowance of a demurrer on the ground the law of the place of injury governed in a tort action and plaintiff's sole remedy was under the Washington Workmen's Compensation Act. The court was applying tort law to determine if a cause of action existed in Oregon. This was not a case which involved the direct application of Oregon's Workers' Compensation Law, it was a tort action. It offers little support to employer's contention.

■■ Employer, in the second assignment of error, contends that if the Oregon Act applies, claimant should be denied coverage because he sustained an aggravation of his preexisting condition and not a new injury. Resolution of this issue is principally a fact question. We have set forth the contours of the factual analysis in a number of cases. *Smith v. Ed's Pancake House,* 27

Or App 361, 556 P2d 158 (1976); *Minnesota Mining & Manuf. Co. v. SAIF,* 27 Or App 747, 556 P2d 1379 (1976); *Barackman v. General Telephone,* 25 Or App 293, 548 P2d 1341 (1976); *Calder v. Hughes & Ladd,* 23 Or App 66, 541 P2d 152 (1975); *Cutright v. Amer. Ship Dismantler,* 6 Or App 62, 486 P2d 591 (1971).

The referee and the Workers' Compensation Board concluded claimant had suffered a new injury to his low back. Claimant was released without restriction and went to work for employer as a general laborer. He experienced no symptoms in his lower back during the six and one half months he worked for employer. He was able to carry on the strenuous activity of a general laborer on a construction project for that period of time without any adverse effects until the onset of pain which produced the claim here at issue. We conclude the exertion on the job was an independent contributing cause of claimant's present symptoms and is the responsiblity of employer.

■    Employer contends claimant is estopped from asserting a claim under the Oregon Act by virtue of having filed a claim for compensation under the Washington Workmen's Compensation Act. Employer argues that by virtue of a reciprocal agreement between Washington and Oregon claimant elected to pursue a remedy under the Washington Act and is foreclosed from relitigating the denial of his Washington claim. The agreement referred to was entered into by Oregon pursuant to ORS 656.126(5), which provides for resolution, by agreement, of conflicts in jurisdiction for injuries incurred by workers employed in one state and injured in another. This agreement, as it relates to the facts of this case, essentially restates the extraterritorial application of the Oregon Act as set forth in ORS 656.126(1). We have determined Oregon has jurisdiction to determine compensation for claimant's injury. The agreement provides if an Oregon worker is injured in Washington while temporarily in that state the exclusive remedy shall be provided under the Oregon Workers' Compensation Law. The

[ 71 ]

fact that claimant selected the wrong jurisdiction in which to file his initial claim does not bar consideration of his claim in Oregon.

Employer finally asserts the settlement of his California claims bar the claim filed in Oregon. The essential argument advanced is that the California aggravation claims were based upon the injury incurred by claimant in Washington and claimant may not assert an aggravation and a new injury arising out of the same episode. We need not resolve the issue whether a claim may be made for aggravation and for a new injury under these circumstances. The record does not disclose the basis of the claims filed in California or the basis of the compromise and release accepted by the California Workmen's Compensation Appeals Board. The record indicates only that his claims arising from the California injuries were compromised and released.

Affirmed.

**SCHWAB, C. J.,** dissenting.

After working for employer in Oregon for a total of three days, claimant was transferred to the State of Washington where he had been working for six months at the time of his injury. As of the hearing date no termination date for the Washington job had been established, and the record indicates that claimant intended to keep working on the Washington job until it was completed. Under such circumstances to say that claimant was employed in Oregon, and only temporarily out of the state *incidental* to his Oregon employment is akin to saying "small tails wag large dogs"—even given the doctrine of liberal construction of workers' compensation laws.

I would reverse.