Argued and submitted December 9, 1981, affirmed April 5, reconsideration denied May 13, petition for review denied June 9, 1982 (293 Or 235)

In the Matter of the Compensation
of Olive E. Langston, Claimant.

LANGSTON,
*Petitioner,*

*v.*

K-MART,
*Respondent.*

(No. 80-04325, CA A22045)

642 P2d 1205

W. D. Bates, Jr., Eugene, argued the cause and filed the brief for petitioner.

Marshall C. Cheney, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

The issue in this workers' compensation case is whether the injury claimant suffered in California in 1979 is compensable under Oregon's Workers' Compensation Law. Both the referee and the Workers' Compensation Board (Board) held that it is not. Claimant appeals. We affirm.

Claimant was employed by K-Mart when she suffered a job-related injury in 1979. She began working for K-Mart in 1969 in Washington. In 1977, she was promoted to Regional Personnel Supervisor, a position that required her to travel throughout 14 states opening new stores. Later in 1977, claimant asked to be reassigned. K-Mart assigned her to a store in Springfield, Oregon, with the understanding that she would remain there permanently. She moved from Washington to Springfield.

In July, 1978, claimant was again assigned to her previous job of Regional Personnel Supervisor. She continued to reside in Oregon, although her regional headquarters was in Los Angeles, California. K-Mart withheld Oregon income taxes from her wages, and claimant filed an Oregon income tax return annually. However, from July, 1978, when claimant resumed her position as Regional Personnel Supervisor, until the time of her August, 1979, injury, claimant performed no duties in Oregon. On discovering, following her return to work in October, 1979, that she would not be able to continue working, claimant resigned. She then spent her final two weeks of employment for K-mart as a substitute employe at the Springfield store.

The referee and the Board denied claimant's claim on the ground that she was not an Oregon employe for workers' compensation purposes. ORS 656.126(1) entitles "a worker employed in this state," who "temporarily leaves the state incidental to that employment" and is injured while outside the state, to Oregon Workers' Compensation benefits. The inquiry is focused on the extent to which claimant's work outside the state was *temporary.* In *Kolar v. B & C Contractors,* 36 Or App 65, 69, 583 P2d 562 (1978), the claimant, who was hired in Oregon to work for an Oregon employer, was injured while working for that

employer in Washington. This court held that claimant was entitled to Oregon workers' compensation benefits, pointing out that, according to the evidence, claimant was scheduled to return to work on projects in Oregon following completion of his assignments in Washington.

In contrast, claimant's out-of-state work here was not temporary. As the referee correctly concluded:

"The critical determinant is whether a worker is permanently, as opposed to temporarily, employed in Oregon at the time of an out-of-state injury: *Kolar, supra; Jackson v. Tillamook Growers Co-op*, 39 Or App 247 [, 592 P2d 235] (1979). Not only am I unable to find that the claimant was permanently employed in Oregon in August, 1979, she was not even temporarily employed in Oregon at that time. Her work in California was not in any way incidental to Oregon employment * * *."

Our conclusion that claimant was not an Oregon employe in August, 1979, is not affected by claimant's return to Springfield to work for her final two weeks with the company. That return to work in Oregon was after her resignation from employment with K-Mart and was the result of a discontinuance of her non-Oregon employment.

Claimant also assigns error to the Board's failure to award her penalties and attorney's fees. She argues that her claim was not denied within 60 days of the notice to the employer pursuant to ORS 656.262(5), that her employer failed to supply claims information within the required time, and that both such failures were unreasonable. She therefore seeks penalties and attorney's fees pursuant to ORS 656.262(8), which then stated:[1]

"(8) If the corporation or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the corporation or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

We believe *Kolar*, by implication, also resolves this question. If claimant was not an employe subject to the

_____
[1] The section was amended in 1981 to become ORS 656.262(9). Or Laws 1981, ch 535, § 7.

Oregon Act at the time of her injury, it follows that refusal to pay her penalties and attorney fees were not unreasonable. *See also, Bell v. Hartman,* 289 Or 447, 615 P2d 314 (1980).

Affirmed.