Argued and submitted February 11, affirmed April 8, reconsideration denied June 12, petition for review denied June 30, 1987 (303 Or 590)

In the Matter of the Compensation of
Rodney D. Phelan, Claimant, and
In the Matter of the Complying Status of
H.S.C. Logging, Inc., a Washington
Corporation, Employer, Ottis Holwegnar,
Individually, and Gerald Stump, Individually.

PHELAN,
*Petitioner,*

*v.*

H.S.C. LOGGING, INC. et al,
*Respondents.*

(WCB 84-08850; CA A39944)

735 P2d 22

Garry L. Kahn, P.C., Portland, argued the cause for petitioner. With him on the brief was Emerson G. Fisher, Portland.

Thomas M. Christ, Portland, argued the cause for respondents H.S.C. Logging, Inc., Ottis Holwegnar and Gerald Stump. With him on the brief were Jas Adams and Mitchell, Lang & Smith, Portland.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Darrell E. Bewley, Assistant Attorney General, Salem, filed the brief for respondent SAIF Corporation.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks review of an order of the Workers' Compensation Board which affirmed the referee's denial of benefits because claimant was not an Oregon subject worker at the time of his industrial injury. We affirm.

Claimant is an Oregon resident. In July, 1982, he was unemployed. While attending his place of worship in Washington, he spoke with a friend, Maxwell, about the possibility of working for Maxwell's employer, H.S.C. Logging, Inc. (HSC). Maxwell checked with his boss at HSC's office in Carson, Washington, and received permission to hire claimant. Claimant spoke with Maxwell by telephone from his home and accepted the job.

Claimant performed all of his work for HSC at an Oregon logging site near Hood River. He rode to the work site with HSC workers who drove across the river from Washington and picked him up in Oregon. He completed a W-4 form and gave it to his supervisor at the Oregon site. All paychecks were issued from HSC's Washington office. The job site supervisor received direction from the company's Washington office. Approximately 80 percent of HSC's logging operations were conducted in Washington; the other 20 percent were in Oregon. HSC furnished workers' compensation coverage under Washington law for all its employes, whether they worked in Oregon or Washington. It did not cover its employes under Oregon's workers' compensation laws. It withheld Oregon income tax from the paychecks of workers who either lived in Oregon or were working there.

The issue is whether claimant was a "worker from another state" temporarily working in Oregon and thereby exempted from coverage under Oregon's workers' compensation law by ORS 656.126(2).[1] In *Kolar v. B & C Contractors,* 36

---

[1] ORS 656.126(2) provides:

"Any worker from another state and the employer of the worker in that other state are exempted from the provisions of ORS 656.001 to 656.794 while that worker is temporarily within this state doing work for the employer:

"(a) If that employer has furnished workers' compensation insurance coverage under the workers' compensation insurance or similar laws of a state other than Oregon so as to cover that worker's employment while in this state;

"(b) If the extraterritorial provisions of ORS 656.001 to 656.794 are recog-

Or App 65, 583 P2d 562 (1978), we adopted a permanent employment relation test to determine whether a worker is "employed in this state" under ORS 656.126(1) for purposes of providing benefits when the worker is injured on a temporary assignment in another state for an Oregon employer. We reaffirmed the use of the test in *Langston v. K-Mart,* 56 Or App 709, 711, 642 P2d 1205, *rev den* 293 Or 235 (1982), where we stated that "[t]he inquiry is focused on the extent to which claimant's work outside the state was *temporary.*" (Emphasis in original.) ORS 656.126(1) is the mirror image of ORS 656.126(2), *i.e.,* the inquiry is whether claimant's work in Oregon was temporary.

Here, the evidence establishes that Maxwell hired claimant after he received authorization from HSC's office in Washington. HSC's operations were run from the Washington office, and paychecks were issued from there. Although claimant's first job was at an Oregon logging site, he and Maxwell had discussed the probability that the next logging site would be in the Mt. St. Helens area of Washington. HSC had no temporary employes as such, but it did have short term jobs like the one at which claimant was employed. All employes were hired on the expectation that, if they performed adequately, they could remain employed. Claimant knew that, if he "worked out" as a new employe, he could continue working for HSC if he chose to do so. He testified that, in the six weeks he worked for HSC, employer seemed pleased with him. Although he had never worked in the state of Washington before his injury, we conclude that he was a Washington worker temporarily working in Oregon and that he was a Washington employe exempt from coverage under Oregon's workers' compensation law. Accordingly, we affirm the Board's denial of benefits.

---

nized in that other state; and

"(c) If employers and workers who are covered in this state are likewise exempted from the application of the workers' compensation insurance or similar laws of the other state.

"The benefits under the workers' compensation insurance Act or similar laws of the other state, or other remedies under a like Act or laws, are the exclusive remedy against the employer for any injury, whether resulting in death or not, received by the worker while working for that employer in this state."

If claimant is a "worker from another state," HSC is exempted, because it has complied with ORS 656.126(2)(a), and the state of Washington fits the criteria of subsections (2)(b) and (c). *See Bowers v. Mathis,* 280 Or 367, 571 P2d 489 (1977).

Affirmed.