Argued and submitted December 5, 1986, affirmed September 16, reconsideration denied November 13, petition for review denied December 2, 1987 (304 Or 437)

In the Matter of the Compensation of
Perry W. Hobson, Claimant.

## HOBSON,
*Petitioner,*

*v.*

## ORE DRESSING, INC. et al,
*Respondents.*

(WCB 84-01772; CA A38970)

742 P2d 675

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Moore, Eugene.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this workers' compensation case, claimant seeks review of the Board's denial of a claim for benefits arising out of claimant's injury in California. The Board adopted the referee's opinion, which held that claimant was not a covered worker, because he did not work for an Oregon employer covered by the Workers' Compensation Act. We affirm.

Claimant is the president and a 50 percent shareholder of an Oregon corporation known as Ore Dressing, Inc. Before their move to California in 1983, claimant and his wife operated the business out of their Oregon home. Ore Dressing was originally formed in 1975 to operate a zirconium reclamation plant in Portland, but that project terminated and the company subsequently developed a gold reclamation site in Siskiyou County, California. Claimant and his wife sold their Portland home and rented a house near the California reclamation site in late summer, 1983. Oregonians were recruited to dismantle the reclamation plant in Portland and to move it to California and operate it. Dismantling of the plant began in August, 1983. The move to California began on October 1 and required about 10 days. Claimant was injured while setting up the new plant in California on October 14, when a self-propelled machine that he was operating went out of control and overturned.

In September, 1983, Ore Dressing renewed its workers' compensation coverage that it had been carrying with SAIF and the policy covered claimant as a corporate officer. Gene Hobson, secretary of the corporation and also a 50 percent shareholder, informed SAIF prior to the renewal that the corporation would be employing Oregon workers in California. She did not inform SAIF that Ore Dressing's corporate headquarters had moved to California.[1] The policy expressly limits coverage to injuries which are compensable under the Oregon Workers' Compensation Law. On November 7, 1983, SAIF denied the claim, because claimant was not an Oregon employe to whom its coverage applied. The referee and the Board upheld SAIF's denial.

---

[1] The corporation's policy renewal application listed work sites in Portland and California but did not mention that the corporation's base of operations had moved from Oregon to California.

■ ORS 656.126(1) entitles "a worker employed in this state" who "temporarily leaves the state incidental to employment" to coverage under the Oregon Workers' Compensation Law. A key inquiry is the extent to which the claimant's work outside the state is temporary. *Phelan v. H.S.C. Logging, Inc.,* 84 Or App 632, 735 P2d 22, *rev den* 303 Or 590 (1987); *Wright v. Industrial Indemnity Co.,* 68 Or App 302, 680 P2d 1018 (1984); *Langston v. K-Mart,* 56 Or App 709, 642 P2d 1205, *rev den* 293 Or 235 (1982). Claimant argues that his employment in California was "temporary" and "merely incidental to Oregon employment," because he intended to return to Oregon once the Siskiyou project was completed. That argument is unpersuasive. The record indicates that when claimant moved to California, Ore Dressing moved with him. As already noted, the corporation's headquarters were located in claimant's California home after August, 1983, and the company paid payroll taxes to California for claimant. Following the move, the former Portland work site was effectively inactive, and the corporation's contacts in Oregon were limited to claimant's trips into the state to negotiate future projects and consult with accountants, lawyers and financial institutions. As the referee concluded, at the time of claimant's accident "there was no longer an Oregon employer for which the work in California could be incidental."

■ Claimant argues alternatively that SAIF should be "equitably estopped" from denying coverage. Even assuming that coverage of an otherwise noncompensable injury could be imposed on the theory of equitable estoppel, we conclude that claimant has not proven an estoppel, which requires proof of some material misrepresentation by SAIF and claimant's reasonable reliance. *Johnson v. Kentner,* 71 Or App 61, 72, 691 P2d 499 (1984), *rev den* 299 Or 31 (1985). Claimant has not shown any false representations. Gene Hobson testified that she "assumed" that SAIF's issuance of a policy in September, 1983, meant that claimant was covered. SAIF was not informed that Ore Dressing had moved to California, and so renewal of the policy could not be a representation that employes would be covered under those circumstances. Ore Dressing's failure to obtain worker's compensation coverage was a product of a misunderstanding rather than a misrepresentation.

Affirmed.