Argued and submitted April 18, affirmed September 26, 1990

In the Matter of the Compensation of
Dennis J. Blanchard, Claimant.
POWER MASTER, INC.,
*Petitioner,*

*v.*

Dennis J. BLANCHARD
and SAIF Corporation,
*Respondents.*

(WCB 87-05652; CA A60351)

798 P2d 691

Patrick R. Berg, Portland, argued the cause and filed the brief for petitioner.

Roger Van Hoy, Vancouver, Washington, argued the cause for respondent Dennis J. Blanchard. With him on the brief were James L. Sellers and Sellers & Jacobs, Vancouver, Washington.

No appearance for respondent SAIF Corporation.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Employer seeks review of a Workers' Compensation Board order setting aside its denial of a claim. The issue is whether claimant is a "worker employed in this state" within the meaning of ORS 656.126(1) or is, instead, an out-of-state employee who is not covered by the Oregon Workers' Compensation Law. The Board concluded that claimant is an Oregon worker. We agree and affirm.

Employer is an Oregon corporation with its headquarters in Portland. It has what it calls "operations offices" in Louisiana, California, Texas, Washington and Utah. It had an operations office in Portland until September, 1986, when it was relocated to Vancouver, Washington. The accounting, administration and payroll functions for all of the operations offices are performed at the Portland headquarters; and payroll checks are sent from the headquarters and are drawn on employer's Oregon account. Employer withholds Oregon taxes from the wages of Oregon employees, including claimant. Each operations office has a manager, to whom employees report for duty each day to receive their assignments.

After the Portland operations office was moved to Vancouver, employees who had worked out of that office began reporting to the new location every day. When the office was in Portland, employer paid premiums to SAIF for those employees but, when the office moved, it began paying premiums to the Washington Worker's Compensation Fund. Employer continues to pay SAIF premiums for personnel working in the Portland headquarters.

Claimant was initially hired in 1984 at the Portland office. He worked primarily in Oregon but on two occasions he worked briefly in Washington. He was laid off but returned to work in February, 1986. Both times that he was hired, he was told that he might be required to work in other states. After he was rehired, he reported to the Portland office every morning and was then sent to his job site. From the time of the rehire through September, 1986, he worked only in Oregon. After the branch operations office was moved to Vancouver, he reported there in the morning to pick up his equipment and returned the equipment to Vancouver every night. In an average 12-hour day, he spent approximately one hour in Vancouver and the remaining time on his job assignment in Portland. In

October, 1986, he was assigned to work in Idaho, where he sustained an on-the-job injury in November. Under medical orders, he rested a few days and then returned to work in Portland.

Employer gave claimant Washington compensation claim forms, which he completed and filed. He received time loss and medical benefits on his Washington claim. He then filed a protest against the acceptance of his claim in Washington and filed this claim in Oregon. Employer denied the claim. Claimant contested the denial, and the referee and the Board determined that employer is an Oregon employer and that claimant is an Oregon worker. The Board based its determination on the facts that claimant was a continuous Oregon resident; he was hired in Oregon; he was told that he would occasionally have to work outside of Oregon; during the second period of employment, he did not work outside Oregon until the Idaho job; and, after the operations office moved to Vancouver, he spent only a small portion of his work day at that office. The Board determined that his work outside Oregon, in Washington and Idaho, was temporary. It also decided that employer is a subject employer, because it has its headquarters in Portland and has workers who are subject employees.

Employer makes three assignments of error, all of which are aimed at one point: The Board erred by concluding that claimant is an Oregon worker under ORS 656.126(1),[1] which provides, in part:

> "If a worker employed in this state and subject to ORS 656.001 to 656.794 temporarily leaves the state incidental to that employment and receives an accidental injury arising out of and in the course of employment, the worker * * * is entitled to * * * benefits * * * as though the worker were injured within this state."

---

[1] Employer's first assignment raises that point directly. Its third assignment makes the related assertion that the Board misapplied the "permanent employment relation test" that we have developed for determining a worker's status under ORS 656.126(1). The second assignment is that the Board erred by concluding that employer is a "subject employer" under ORS 656.023. Obviously, it is. It has permanent employees at the Portland headquarters, for whom it pays premiums to an Oregon workers' compensation insurer. The real point of employer's argument, however, is that it is not an Oregon employer with respect to *this* claimant, because he is not an Oregon employee under ORS 656.126(1). *See also* ORS 656.126(2).

The case that we, as did the Board, consider the most analogous is *Kolar v. B & C Contractors,* 36 Or App 65, 583 P2d 562 (1978). The employer there had its main office in California, but it also maintained offices in Oregon and Washington. The claimant was hired in Bend and was first assigned to a three-day project in Klamath Falls. He was then given a long-term assignment in Washington. We concluded that the claimant was an Oregon worker, because he

"was hired in Oregon to work for an Oregon employer. He did some work in Oregon for employer before being transferred to the company project in Washington. The company official who hired him testified claimant would have been returned to work on projects in Oregon upon completion of his work on the [Washington] project." 36 Or App at 69.

The distinction that employer emphasizes, between *Kolar* and this case, is that the immediate supervisor who assigned claimant to work in Oregon has his office in Washington, while the supervisor in *Kolar* was located in Oregon. Employer contends that claimant "was an Oregon worker at the time of his hire, but became a Washington worker" when the operations office was moved to Vancouver. Employer maintains that the fact that most of claimant's work continued to be in Oregon is irrelevant, because it understands *Kolar* and our later cases to make the place "where the control is exercised" the sole or most significant determinant of the worker's status. Employer relies in particular on *Phelan v. H.S.C. Logging, Inc.,* 84 Or App 632, 735 P2d 22, *rev den* 303 Or 590 (1987). However, *Phelan* does not support the one-factor analysis that employer advocates. We based our holding that the claimant there was not an Oregon employee on numerous facts—that he was hired from Washington, the Oregon operations were run from Washington, that paychecks were issued there and that claimant was expected to be assigned to work in Washington after his Oregon project was completed.

We reiterated in *Hobson v. Ore Dressing, Inc.,* 87 Or App 397, 400, 742 P2d 675, *rev den* 304 Or 437 (1987), that the "key inquiry" under ORS 656.126(1) "is the extent to which the claimant's work outside the state is temporary." Here, the work that claimant did in Washington after the operations office was moved to Vancouver amounted to an hour a day. The point that employer's argument misses is that the move of

the office had no significant effect on claimant's job. Vancouver became little more than a detour for claimant on his way to and from his work sites, wherever they were. This is not a case like *Hobson,* where the result of the employer's relocation was that "there was no longer an Oregon employer for which the work in California could be incidental." 87 Or App at 608. Conversely, here, the daily trips to Vancouver were incidental, and claimant's principal work continued to be in Oregon for his Oregon corporate employer. Claimant remained an Oregon employee for purposes of ORS 656.126(1).[2]

Affirmed.

---

[2] Employer argues that the Board's findings are not supported by substantial evidence, because its conclusion that claimant is an Oregon worker indicates that it disregarded uncontradicted testimony by employer's controller about the control that the operations office managers exercise over assignments and other aspects of the work of employees assigned to them. That argument is also based on employer's mistaken understanding that control is the decisive factor. The fact that the evidence may have compelled a certain finding about the nature of the Vancouver manager's control has no bearing on the significance of that control in comparison with the other considerations that bear on whether claimant is an Oregon worker under the statute.