Argued and submitted July 22, 1991, affirmed May 20, 1992

In the Matter of the Compensation of
Salvador Cervantes-Ochoa, Claimant.

NORTHWEST GREENTREE, INC.
*Petitioner,*

*v.*

Salvador CERVANTES-OCHOA
and SAIF Corporation,
*Respondents.*

(89-13027; CA A67870)

830 P2d 627

Paul A. Dakopolos, Salem, argued the cause for petitioner. With him on the brief were Chess Trethewy and Garrett, Seideman, Hemann, Robertson, Paulus, Jennings & Comstock, P.C., Salem.

Roger H. Van Hoy, Vancouver, Washington, argued the cause for respondent Salvador Cervantes-Ochoa. With him on the brief were James L. Sellers and Sellers & Jacobs, Vancouver, Washington.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas E. Ewing, Assistant Attorney General, Salem, waived appearance for respondent SAIF Corporation.

Before Richardson, Presiding Judge, and Deits and Edmonds, Judges.

DEITS, J.

**DEITS, J.**

Employer seeks review of a Workers' Compensation Board order holding that it is a subject Oregon employer and that claimant was a subject Oregon employee at the time that he sustained a compensable injury. We affirm.

Employer is a reforestation company, licensed and bonded in both Oregon and Washington. It contracts to do work in both states. All of its employees live in the mid-Willamette Valley and report to work at employer's headquarters in Monmouth, Oregon. From Monmouth, they are transported in employer's vehicles to remote job sites for a few days at a time and then back to Monmouth. The vehicles are licensed in Oregon. At its headquarters, employer issues paychecks drawn on a local bank and withholds Oregon income tax. All of employer's insurance, except workers' compensation coverage, is purchased in Oregon. Employer has a small year-round staff and hires seasonal workers in January or February of each year to work approximately six months. The seasonal workers are given a document that explains that the work is temporary. Usually, employer's first and last work sites each year are in Washington. Approximately 80 percent of the seasonal work is done in Washington, and the rest is done in Oregon.

Claimant was hired in February, 1987, and worked most of February and March in Washington. In April, he began working near Detroit, Oregon. He was injured after working several days at that site. He received workers' compensation benefits under employer's Washington coverage. When he filed for benefits in Oregon, employer denied the claim on the ground that it was not a subject employer and claimant was not a subject worker under Oregon's Workers' Compensation Law. Claimant requested a hearing on the denial; the referee held that he was entitled to benefits under Oregon law, and the Board affirmed.

■ With certain exceptions, "subject workers" include all workers who work in Oregon. ORS 656.005(26); ORS 656.027. Persons who work temporarily outside Oregon generally continue to be covered for workers compensation in Oregon if it is the place of their permanent employment. *Power Master, Inc. v. National Council on Comp. Ins.*, 109 Or

App 296, 299, 820 P2d 459 (1991) (*Power Master II*). ORS 656.126(1) and (2) govern entitlements and exemptions for workers temporarily working in or outside of Oregon.[1] The question is whether claimant was a Washington worker temporarily working in Oregon or an Oregon worker who had worked temporarily in Washington.

■ Employer argues that the Board applied the wrong legal standard and that, if it had applied the proper test, it would have found that claimant was a Washington worker temporarily working in Oregon and, therefore, was not entitled to Oregon workers' compensation. Employer contends that it performs most of its work in Washington and that, because the first and last job sites for its seasonal employees are usually in Washington, their work in Oregon is temporary.

Employer argues that the Board applied what employer calls "the primary locus of employment relation test." It reaches that conclusion because, in its view, the Board based its determination that claimant was an Oregon worker solely on its findings that the employees, who all live in the Monmouth area, marshal at the headquarters there and are not hired with an understanding that they will work in any particular location.

■ We conclude that the Board did apply the correct standard, which is the permanent employment relation test. *Kolar v. B & C Contractors*, 36 Or App 65, 71, 583 P2d 562 (1978). The Board applied that test, under which the key inquiry is "the extent to which the claimant's work outside the state is temporary." *Hobson v. Ore Dressing, Inc.*, 87 Or App 397, 400, 742 P2d 675, *rev den* 304 Or 437 (1987). In making that decision, no one factor controls; rather, all of the circumstances are relevant, including the intent of the

---

[1] ORS 656.126 provides, in part:

"(1) If a worker employed in this state and subject to this chapter temporarily leaves the state incidental to that employment and receives an accidental injury arising out of and in the course of employment, the worker * * * is entitled to the benefits of this chapter as though the worker were injured within this state.

"(2) Any worker from another state and the employer of the worker in that other state are exempted from the provisions of this chapter while the employer has a temporary workplace within this state and the worker is within this state doing work for the employer [provided that certain requirements are met]."

employer, the understanding of the employee, the location of the employer and its facilities, the circumstances surrounding the claimant's work assignment, the state laws and regulations that the employer otherwise is subject to and the residence of the employees. *Power Master, Inc. v. Blanchard*, 103 Or App 467, 471, 798 P2d 691 (1990) (*Power Master I*); *Phelan v. H.S.C. Logging, Inc.*, 84 Or App 632, 635, 735 P2d 22, *rev den* 303 Or 590 (1987). When employees are transient and work in various locations in more than one state, it is necessary to look at more than simply the sequence of assignments. *Power Master II, supra*, 109 Or App at 301.

The two *Power Master* cases provide examples of the application of the permanent employment relation test. They involved employees of one branch office who worked in several states. The cases arose after the employer relocated its only Oregon office to Washington. In *Power Master I, supra*, 103 Or App at 469, we examined whether the claimant was an Oregon subject worker. He was an Oregon resident who had been hired at the Portland office, was told that he might occasionally work outside Oregon and did most of his work in Oregon. The employer's accounting, administration and payroll functions were done in Oregon, and it withheld Oregon taxes from the claimant's pay. Approximately two months after the relocation, the claimant was injured. At the time of his injury, the only change in his employment resulting from the relocation had been that he stopped by the Washington office instead of the Oregon office each day for his job assignment and supplies. We concluded that his principal place of business continued to be Oregon and that the detour to the Washington office was incidental.

In *Power Master II, supra*, 109 Or App at 301, we affirmed a workers' compensation premium audit in which the Department of Insurance and Finance (DIF) found that the employer was not an Oregon subject employer during the six-month period after the relocation of its branch office. Because the branch employees were transient and worked in various locations throughout Oregon, Washington and Idaho, DIF decided that it was inappropriate "to simply look at the sequence of assignments." Instead, it appropriately "focused on other factors, such as the location of various supervisory and administrative activities as well as the intent

of the parties." For the six-month period, the employer performed most of those activities in Washington. The Board concluded, and we affirmed, that the branch employees were Washington workers, and the employer was relieved of its premium obligation.

The Board's findings show that it considered all of the circumstances pertinent to the permanent employment relation test. The Board found that claimant was hired in Oregon by a company that is located and operated in Oregon. The company's administrative functions, including banking, payroll, insurance, and vehicle licensing, are predominantly performed in Oregon. The Board also found that, although employer does a substantial amount of work in Washington, claimant was not hired with an understanding that he would work in any particular location. As the Board stated: "Its employees are all from [the Monmouth area], and employees marshall in that area for transport to particular work sites." The workers always returned to Oregon for their next work assignment. The Board concluded that all of the factors relevant to the permanent relation test with the exception of the percentage of work to be performed in Washington support the conclusion that claimant was an Oregon employee. The Board did not err in deciding that claimant was a subject Oregon employee entitled to Oregon workers' compensation.

Affirmed.