Argued and submitted December 21, 1992, affirmed July 6, 1994

In the Matter of the Compensation of
Pete E. Haney, Claimant.

Pete E. HANEY,
*Petitioner,*

*v.*

UNION FOREST PRODUCTS,
Mechanical Fabricators, Inc.,
and SAIF Corporation,
*Respondents.*

(89-05193, 89-07725, 89-05194; CA A74342)

877 P2d 651

Karen M. Werner argued the cause for petitioner. With her
on the brief was Bettis & Associates.

Pamela A. Schultz argued the cause for respondent Union Forest Products. With her on the brief was Schultz & Taylor.

Garry L. Reynolds argued the cause for respondent Mechanical Fabricators, Inc. With him on the brief was Reynolds & Bendixsen, P.C.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondent SAIF Corporation. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Riggs,* Judges.

DEITS, J.

---

* Riggs, J., *vice* Durham, J.

**DEITS, J.**

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's denial of benefits on the basis of its finding that at the time of the injury, claimant was working temporarily in Oregon for a Washington employer and, therefore, was not an Oregon subject worker. We affirm.

Claimant sustained a low back injury in 1987 while working in Oregon for Union Forest Products (UFP). At that time, he missed less than three days of work, and the injury was accepted as nondisabling. However, he continued to experience low back pain and a "bruised" sensation in that area. In November, 1988, claimant began to work at an Oregon work site for Mechanical Fabricators, Inc. (MFI), a Washington corporation. After two weeks of work for MFI, claimant began to experience pain in his right buttock and down his right leg, and on December 22, 1988, he stopped working. He was diagnosed with a large disc herniation and, on April 24, 1989, received a laminectomy and discectomy. Claimant filed a claim with UFP, which denied responsibility, and with MFI, which denied the claim on the ground that it was not properly brought in Oregon. SAIF, as the processing agent for claims against employers not insured or self-insured for workers' compensation claims in Oregon, also denied the claim on behalf of MFI on the basis that claimant was not a subject Oregon worker and MFI was not a subject Oregon employer. Claimant also filed a claim against MFI with Washington State's Department of Labor and Industries, which denied the claim on the ground that claimant was an Oregon worker and not covered by Washington's Industrial Insurance Law.

The Board found that claimant sustained a new injury to his low back while employed by MFI. However, because the Board concluded that claimant was temporarily working in Oregon and was not an Oregon subject worker, it concluded that under ORS 656.126, he was not entitled to benefits under Oregon Workers' Compensation Law.

ORS 656.027 provides that "[a]ll workers are subject to [the Workers' Compensation Law] except those nonsubject

workers described in the following subsections[.]"[1] Claimant does not qualify as a nonsubject worker under any of the exclusions. However, a worker may be exempted from the Oregon Workers' Compensation Law by application of the extraterritorial provisions in ORS 656.126. At the time of claimant's injury, those provisions stated:

"Any worker from another state and the employer of the worker in that other state are exempted from the provisions of [this chapter] *while that worker is temporarily within this state* doing work for the employer:

"(a)   If that employer has furnished workers' compensation insurance coverage under the workers' compensation insurance or similar laws of a state other than Oregon so as to cover that worker's employment while in this state;

"(b)   If the extraterritorial provisions of [this chapter] are recognized in that other state; and

"(c)   If employers and workers who are covered in this state are likewise exempted from the application of the workers' compensation insurance or similar laws of the other state." ORS 656.126(2).[2] (Emphasis supplied.)

Claimant contends that the Board erred in concluding that he came within ORS 656.126(2) and therefore was not covered by Oregon's Workers' Compensation Law. It is his position that he is an Oregon subject worker. Claimant first contends that the Board's conclusion was wrong because the evidence shows that he was not a worker from another state working temporarily in Oregon at the time of his injury. He argues that the Board's findings on that point are not

---

[1] "Subject employer" is defined in ORS 656.023:

"Every employer employing one or more subject workers in the state is subject to this chapter."

[2] ORS 656.126(2) was amended by Oregon Laws 1989, chapter 684, section 1, to provide:

"Any worker from another state and the employer of the worker in that other state are exempted from the provisions of this chapter while the employer has a temporary workplace within this state and the worker is within this state doing work for the employer[.]"

In addition, ORS 656.026(6) was added to the statute in 1989:

"For the purpose of this section, 'temporary workplace' does not include a single location within this state where the employer's work is performed by one or more workers for more than 30 days in a calendar year."

Those amendments were not in effect at the time of claimant's injury and, therefore, they do not apply to claimant.

supported by substantial evidence and that its legal conclusion is in error.

■ ■ In determining whether a worker is temporarily within the state, the permanent employment relation test must be applied. *Northwest Greentree, Inc. v. Cervantes-Ochoa*, 113 Or App 186, 830 P2d 627 (1992); *Phelan v. H.S.C. Logging, Inc.*, 84 Or App 632, 735 P2d 22, *rev den* 303 Or 590 (1987). In applying that test,

> "no one factor controls; rather all of the circumstances are relevant, including the intent of the employer, the understanding of the employee, the location of the employer and its facilities, the circumstances surrounding the claimant's work assignment, the state laws and regulations that the employer otherwise is subject to and the residence of the employees." *Northwest Greentree, Inc. v. Cervantes-Ochoa, supra*, 113 Or App at 189.

The Board found that MFI is a Washington corporation with its corporate office in Spokane, Washington, and that most of MFI's work is performed in Washington. It found that MFI had no office in Oregon, that it paid its workers with checks issued from a Washington bank, that it deducted Oregon income taxes for claimant, and paid unemployment insurance for claimant in Oregon. In addition, it found that claimant was hired in Oregon with approval from the president of MFI in Washington, and that claimant was hired with the intent that he would be a permanent employee if MFI was pleased with the quality of his work. MFI was pleased with the quality of claimant's work. The Board also found that MFI rarely hires temporary workers, and that if claimant had not been injured he would have been offered available work. The Board found that claimant "would have accepted work outside Oregon as an alternative to unemployment in Oregon." The Board's findings are supported by substantial evidence. Further, we agree with the Board's conclusion, based on its findings, that under the permanent employment relation test, claimant was temporarily working in Oregon for a Washington employer. *See Phelan v. H.S.C. Logging, Inc., supra*, 84 Or App at 635.

Claimant also argues, however, that MFI is only entitled to the exemption under ORS 656.126(2) if subsections (a) through (c), quoted above, are satisfied. Claimant

specifically argues that subsection (a) of ORS 656.126(2) is not satisfied. Subsection (a) provides that the employer must have furnished

"workers' compensation coverage under the workers' compensation insurance or similar laws of a state other than Oregon so as to cover that worker's employment while in this state[.]"

The Board found that

"MFI has workers' compensation insurance through the [S]tate of Washington. During the [Oregon] job MFI had a certificate of insurance from Washington issued to Oregon in accordance with the reciprocity agreement between the two states."

The Board further explained:

"None of the parties to this case argue[s] that the workers' compensation law of the [S]tate of Washington should not be applied to this case because of any deficiency in application of the extraterritorial provisions of either state. Because Washington meets the extraterritoriality requirements, [we] conclude that such an argument would not be accepted in any event. *See Bowers v. Mathis*, 280 Or 367, [571 P2d 489] (1977). [We] therefore have considered the evidence in view of ORS 656.126(2). [We] conclude that this case must turn upon whether claimant's employment in Oregon was temporary, as [we] conclude that MFI is a Washington employer."

We agree with the Board's conclusion that there were not any deficiencies in the extraterritorial provisions in either state. In a letter to MFI acknowledging that a certificate of Workers' Compensation Insurance had been issued to the State of Oregon, Washington's Department of Labor and Industries said:

"This certificate will verify that your regularly employed Washington workers are under the jurisdiction of the Washington Industrial Insurance Act and entitled to the benefits of that Act while temporarily working in that state."

Claimant argues that the reciprocity requirements are not met, because his claim was not allowed at the initial stage in the Washington compensation system and, therefore, ORS 656.126(2)(a) was not satisfied because the employer did not provide coverage for him while in Oregon. When claimant

applied for benefits in Washington, its Department of Labor and Industries denied the claim, saying:

> "The claimant was an Oregon worker at the time of injury and is not covered under the industrial insurance laws of the State of Washington."

Claimant contends that because he has not been treated as a subject worker in Washington, ORS 656.126-(2)(a) has not been satisfied. The problem with claimant's argument is that the law does not require Oregon, through its workers' compensation system, to assume coverage for a worker who, based on Oregon's findings and conclusions of law, is a worker of that other state simply because the other state does not grant coverage. Oregon, through its Workers' Compensation Board, properly found that the extraterritorial provisions were satisfied and that claimant was temporarily working in Oregon and was not an Oregon subject worker. Those conclusions are correct. There is no provision in Oregon law that allows or requires that the decision of Oregon's Workers' Compensation Board be altered based on the outcome of a claim in another state.

Claimant also assigns error to the Board's conclusion that he sustained a new injury at MFI and, therefore, that the Oregon employer, UFP, was not responsible for the claim. The Board's findings are supported by substantial evidence and its conclusion follows from those findings.

Affirmed.