Argued and submitted June 12, reversed and remanded for reconsideration
August 20, 1997

In the Matter of the Compensation of
Rodney W. Carothers, Claimant.

Rodney W. CAROTHERS,
*Petitioner,*

*v.*

ROBERT WESTLUND CONSTRUCTION
and SAIF,
*Respondents.*

(Agency No. 96-00472; CA A95577)

944 P2d 966

Robert Sola argued the cause for petitioner. On the brief
was Richard Dobbins.

Michael O. Whitty argued the cause and filed the brief for
respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks judicial review of a Workers' Compensation Board's order that held that he was not an Oregon subject worker and was not entitled to Oregon workers' compensation benefits. We reverse and remand.

The Board found and concluded:

"Claimant began working for an Oregon employer in April 1995 as a carpenter. His first job was in Oregon, but he was subsequently assigned in September 1995 to a job in Vancouver, Washington. Claimant regularly worked at the Washington job site for about three months.

"The employer obtained workers' compensation coverage through SAIF effective April 1, 1995. SAIF advised the employer that Oregon workers at a temporary Washington worksite would be covered under its policy. SAIF cautioned, however, that, if work was performed at the Washington location for more than 30 days, Washington workers' compensation coverage would be necessary. Aware that the Washington job would take more than 30 days, the employer obtained Washington workers' compensation coverage for its workers at the Vancouver location.

"Claimant was injured in the course and scope of his employment on December 4, 1995 in Vancouver, Washington. Claimant filed a Washington claim that was accepted in that state. Claimant then filed a claim against SAIF that was denied on the ground that he was not an Oregon subject worker. Claimant requested a hearing.

"The [administrative law judge (ALJ)] determined that, if the 'permanent employment relation' test were applied, claimant would be considered an Oregon employee temporarily absent from the state when injured. *See* ORS 656.126(1);[1] *Northwest Greentree, Inc. v. Cervantes-Ochoa*, 113 Or App 186[, 830 P2d 627] (1992). Therefore, the ALJ

---

[1] ORS 656.126(1) provides:

"If a worker employed in this state and subject to this chapter temporarily leaves the state incidental to that employment and receives an accidental injury arising out of and in the course of employment, the worker, or beneficiaries of the worker if the injury results in death, is entitled to the benefits of this chapter as though the worker were injured within this state."

reasoned that claimant would have a compensable claim if the test was applicable.

"However, the ALJ found that the interstate agreement between Washington and Oregon regarding jurisdiction over out-of-state injuries replaced the employment-relation test. * * * Applying the terms of that accord, the ALJ concluded that, because claimant was injured at a Washington location where the employer did work for more than 30 days in a calendar year, claimant was not employed at a temporary Washington workplace and, thus, was not entitled to Oregon workers' compensation coverage under ORS 656.126(1).

"* * * * *

"* * * Inasmuch as claimant's injury does not qualify for Oregon coverage under the Oregon/Washington interstate agreement, claimant is not considered an Oregon employee temporarily out of the state under ORS 656.126(1). Thus, we agree with the ALJ that claimant is not an Oregon subject worker." (Footnotes and citations omitted.)

In ruling that claimant was not an Oregon subject worker, the Board relied on the agreement between the states of Washington and Oregon regarding reciprocity of workers' compensation benefits. The agreement provides, in part:

"That the Department of Insurance and Finance, Workers' Compensation Division of the State of Oregon in keeping with the provisions of the Oregon Workers' Compensation Law will extend protection for any Oregon employer under its jurisdiction, and benefits to any of the employer's Oregon workers who may be injured in the course of employment in Washington while the employer has a temporary workplace in the State of Washington. In the event of injury to one of these workers, the worker's exclusive remedy would be that provided by the Workers' Compensation Law of the State of Oregon.

"That for the purpose of this agreement, 'temporary workplace' does not include a specific location within the state where the employer's work is performed for more than 30 days in a calendar year."[2]

---

[2] This agreement became effective January 1, 1990.

Claimant argues that the agreement does not control his case. SAIF argues that the Director has the authority to enter into agreements that limit when out-of-state workers receive Oregon workers' compensation coverage. *See* ORS 656.126(5).[3] According to SAIF, when the agreement between the states of Washington and Oregon is read in conjunction with ORS 656.126(5), there is no Oregon coverage for a worker in claimant's status unless the worker is working at a temporary workplace. Here, it is uncontroverted that claimant was not working at a temporary workplace.

We disagree that the statute and the agreement have the effect that SAIF urges. They apply when a worker is injured at a temporary workplace. They are silent about when an injury occurs at a nontemporary workplace. If an employer has only a "temporary workplace" in Washington, it is not required to obtain any Washington workers' compensation coverage because Oregon insurers continue to provide exclusive coverage for the employer's workers. The agreement defines what is a "temporary workplace." *See also* ORS 656.126(7).[4]

In this case, it is undisputed that employer was not operating a "temporary workplace" in Washington. Therefore, the agreement and ORS 656.126(5) are inapplicable to claimant's case.

Thus, the question of who is a subject Oregon worker at employer's "nontemporary" workplace in Washington

---

[3] ORS 656.126(5) provides:

"The Director of the Department of Consumer and Business Services shall have authority to enter into agreements with the workers' compensation agencies of other states relating to conflicts of jurisdiction where the contract of employment is in one state and the injuries are received in the other state, or where there is a dispute as to the boundaries or jurisdiction of the states and when such agreements have been executed and made public by the respective state agencies, the rights of workers hired in such other state and injured while temporarily in Oregon or hired in Oregon and injured while temporarily in another state, or where the jurisdiction is otherwise uncertain, shall be determined pursuant to such agreements and confined to the jurisdiction provided in such agreements."

[4] ORS 656.126(7) defines what is a "temporary workplace" within Oregon:

"For the purpose of this section, 'temporary workplace' does not include a single location within this state where the employer's work is performed by one or more workers for more than 30 days in a calendar year."

raises an issue outside the scope of the agreement. Because employer's workplace in Washington is outside the definition of a temporary workplace as defined by the agreement and the statute, the status of each worker at that site could vary depending on the circumstances surrounding each worker's employment. For instance, an Oregon worker for employer who works one day at the Washington workplace, where he is injured, might not lose his or her status as a subject Oregon worker, whereas a different employee under different circumstances could lose that status at the same workplace. As we said in *Northwest Greentree, Inc. v. Cervantes-Ochoa*, 113 Or App 186, 188, 830 P2d 627 (1992):

> "With certain exceptions, 'subject workers' include all workers who work in Oregon. ORS 656.005(26); ORS 656.027. Persons who work temporarily outside Oregon generally continue to be covered for workers compensation in Oregon if it is the place of their permanent employment."

■ The appropriate test to determine whether an employee of an Oregon employer injured in another state is an Oregon subject worker is the permanent employment relation test. *Northwest Greentree, Inc.*, 113 Or App at 189; *see also* ORS 656.126(6).[5] The test requires an evaluation of all the circumstances of the particular employee, including the intent of the employer, the understanding of the employee, the location of the employer and its facilities, the circumstances surrounding the claimant's work assignment, the state laws and regulations to which the employer otherwise is subject and the residence of the employee. *Northwest Greentree, Inc.*, 113 Or App at 189-90.

---

[5] ORS 656.126(6) provides:

"When a worker has a claim under the workers' compensation law of another state, territory, province or foreign nation for the same injury or occupational disease as the claim filed in Oregon, the total amount of compensation paid or awarded under such other workers' compensation law shall be credited against the compensation due under Oregon workers' compensation law. The worker shall be entitled to the full amount of compensation due under Oregon law. If Oregon compensation is more than the compensation under another law, or compensation paid the worker under another law is recovered from the worker, the insurer shall pay any unpaid compensation to the worker up to the amount required by the claim under Oregon law."

 Under the proper test, the agreement between the states of Oregon and Washington and the purchase of coverage under Washington law are nonexclusive factors to be considered in the determination of the status of a particular worker. The Board declined to apply the "permanent employment relation test," believing that the Department's agreement exclusively controlled. As we have pointed out, the Department's agreement does not extend to defining who is a subject worker in a nontemporary workplace.

Reversed and remanded for reconsideration.[6]

---

[6] We cannot determine from the Board's opinion whether a majority of the Board would have found claimant to be a subject Oregon worker under the correct test, and, therefore, remand is necessary.