Submitted on record and briefs January 14, affirmed on petition; affirmed on cross-petition of Department of Insurance and Finance and SAIF Corporation; on cross-petition of Adam Berkey reversed and remanded for reconsideration in part and otherwise affirmed August 10, 1994

In the Matter of the Compensation of
Adam Berkey, Claimant.

Noah BERKEY,
*Petitioner - Cross-Respondent,*

*v.*

DEPARTMENT OF INSURANCE
AND FINANCE,
SAIF Corporation
and Adam Berkey,
*Respondents - Cross-Petitioners -
Cross-Respondents.*

(WCB 90-19924; CA A78975)

879 P2d 240

Noah Berkey filed the brief *pro se* for petitioner - cross-respondent.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General, filed the brief for respondents - cross-petitioners - cross-respondents Department of Insurance and Finance and SAIF Corporation.

Kimberley Chaput and Pozzi Wilson & Atchison filed the brief for respondent - cross-petitioner - cross-respondent Adam Berkey.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Petitioner Noah Berkey (Noah) and cross-petitioners, Department of Insurance and Finance (DIF), and SAIF Corporation, seek review of a Workers' Compensation Board order holding that claimant Adam Berkey (Adam) is an Oregon subject worker and that Noah was a noncomplying employer. In his cross-petition, Adam assigns error to the Board's failure to find that Noah was noncomplying and to the Board's denial of penalties against SAIF.

Noah is a contractor, registered in Oregon. He does business as Berkey Pole Buildings. His principal business is building pole barns in Oregon, although he occasionally builds pole barns out of state. Adam, who is Noah's son, worked for Noah sporadically for several years. Noah has never carried workers' compensation insurance.

In 1990, Noah entered into a written contract to build a pole barn on a California ranch. Payment was made to Berkey Pole Buildings. Noah and an older son, Cliff, orally agreed that Cliff would build the barn. Cliff carried no workers' compensation insurance. Noah drove Adam to California so Adam could work with Cliff on the barn. While working on the barn in September, 1990, Adam fell from a truss and was seriously injured.

The procedural facts are complex, and we recite only those necessary to our holding. Adam's guardians filed a workers' compensation claim on his behalf. DIF initially issued an order of noncompliance. It referred the claim to SAIF for processing under OAR 436-80-060(2) as it read in 1990. However, DIF later received information that persuaded it that Adam was not a subject worker, so DIF rescinded its order of noncompliance. DIF asked SAIF to deny the claim, and SAIF did so. Adam then requested a hearing.

The hearing convened on December 20, 1990. SAIF waived appearance. DIF appeared to defend its rescission of its order of noncompliance. Adam objected to DIF's participation on the ground that SAIF was the real party in interest. The referee overruled that objection and issued an interim order referring the claim back to DIF so that DIF could issue a noncompliance order. DIF did not issue the order of noncompliance. Because DIF did not issue the order of noncompliance,

SAIF never processed the claim or authorized benefits for Adam.

Adam then requested a hearing on SAIF''s *de facto* denial of benefits. That hearing was held May 13, 1991, and incorporated the record of the December 20, 1990, hearing. Noah and Adam appeared. At the hearing, the referee dismissed DIF as a party. Adam testified at the May 13, 1991 hearing, but the referee refused to let him answer some of Noah's questions because he was under a guardianship. Because DIF was no longer a party, it could not cross-examine Adam. On June 7, 1991, DIF moved for reconsideration of the May 13 order dismissing it as a party. The referee granted that motion.

On July 12, 1991, the referee withdrew the interim order referring the claim back to DIF and held that the October 17, 1990, denial and request for a hearing placed justiciable issues before her. She also concluded that Adam was a subject Oregon worker at the time of his injury; that the injury occurred within the course and scope of his employment; that Cliff was not an independent contractor; that Noah was Adam's employer; and that even if Cliff had been an independent contractor and Adam's employer, Noah was nonetheless responsible for obtaining worker's compensation coverage pursuant to ORS 656.029. She awarded Adam penalties and attorney fees.

On review, the Board adopted and supplemented the referee's findings. Treating DIF''s objection to its dismissal as a party as a motion for remand, the Board concluded that a letter written by DIF waived its rights to object.[1] DIF''s letter stated, in part, that DIF was "content to stand on the factual record developed prior to that time as a basis for the referee's ruling." The Board adopted the part of the referee's order that Adam was a subject worker but determined that the claim was not properly before SAIF, because DIF had not issued an order finding Noah to be noncomplying. The Board affirmed the award of attorney fees but reversed the award of penalties.

---

[1] The letter, dated June 13, 1991, was written to the referee concerning DIF''s motion for reconsideration.

We first address whether Adam was a subject worker. Noah and DIF assert that the Board's order is not supported by substantial evidence. We review for substantial evidence and errors of law. ORS 183.482(7).

■ A subject worker employed in Oregon who temporarily leaves Oregon incidental to that employment and is injured on the job is entitled to the same benefits as though the worker had been injured in Oregon. ORS 656.126(1). To determine whether a worker has temporarily left Oregon incidental to Oregon employment, we have applied a permanent employment relation test. *See Northwest Greentree, Inc. v. Cervantes-Ochoa*, 113 Or App 186, 830 P2d 627 (1992). The test for permanent employment looks at a number of factors:

(1) the intent of the employer;

(2) the understanding of the employee;

(3) the location of the employer and its facilities;

(4) the circumstances surrounding the work assignment;

(5) the state laws and regulations to which the employer is subject; and

(6) the residence of the employees.

No one fact is determinative. 113 Or App at 189.

■ The referee and the Board found that Noah's work force was primarily composed of his sons; that Adam had worked for Noah intermittently for several years; and that, while Adam was living in Utah, Noah told him he could return to his hometown in Oregon and work for Berkey Pole Buildings. Those facts support the Board's conclusion that Noah intended and Adam understood that Adam would work for Noah in Oregon in the future. It is undisputed that Adam is an Oregon resident, that Berkey Pole Buildings' facilities are in Oregon and that most of its business is conducted in Oregon. The Board accepted the referee's finding that Noah asked Adam to help build the pole barn in California and drove him to the job site. The circumstances surrounding Adam's assignment in California also support the Board's conclusion that Adam's work in California was temporary

and incidental to permanent employment with Noah in Oregon. We conclude that Adam was a subject Oregon worker under ORS 656.126(1).

■ DIF and Noah next assign error to the Board's conclusion that Noah employed Adam. They argue that, because Noah's son Cliff was an independent contractor who hired and supervised Adam, there was no employment relationship between Adam and Noah. Even if we were to accept the assertion that Cliff was an independent contractor who hired and supervised Adam, Noah would still be ultimately responsible for providing Adam's coverage.

ORS 656.029(1) provides, in part:

"If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation coverage for all individuals * * * who perform labor under the contract unless the person to whom the contract is awarded provides such coverage to those individuals before labor under the contract commences."

Noah awarded the contract to build the pole barn to Cliff. Building pole barns is a normal and customary part of Noah's business. Cliff did not provide workers' compensation coverage to Adam before labor under the contract commenced. Therefore, Noah was responsible for providing coverage to Adam. There was no error in the Board's conclusion that Noah was responsible for providing workers' compensation coverage for Adam.

■ DIF next assigns error to the Board's conclusion that DIF waived its right to object to evidence following DIF's removal from the proceeding before the referee. It argues that the Board should have remanded to the referee so Adam could be fully examined. The Board did not err in refusing to remand on these facts. Although DIF was improperly dismissed as a party near the end of the proceedings, DIF waived its objection when it stated that it was "content to stand on the factual record developed prior to that time as a basis for the referee's ruling." The findings made by the referee and adopted by the Board were taken from the record "developed" before DIF's dismissal. Thus, the findings were properly developed so as to preclude remand under ORS

656.295(5). The Board correctly held that ORS 656.295(5) did not require a remand.

In his cross-petition, Adam makes two assignments of error. He first assigns error to the Board's failure to find that Noah was a noncomplying employer even after it found that Adam was a subject worker. The Board acknowledged that its holding of subjectivity had a preclusive effect on Noah's noncompliance, but apparently thought that it lacked authority to decide the noncompliance issue. The Board could and should have decided the issue of noncompliance. *Colclasure v. Washington County School Dist. No. 48-J*, 317 Or 526, 535, 857 P2d 126 (1993). We remand the case for a determination of noncompliance.

■ Adam next assigns error to the Board's refusal to assess a penalty against SAIF for an unreasonable denial. Adam argues that SAIF and DIF had no legitimate doubt that the claim was compensable. We review for errors of law and examine whether the Board applied the correct legal standard. *Brown v. Argonaut Insurance Company*, 93 Or App 588, 591, 763 P2d 408 (1988). Applying this standard to these facts, there was a legitimate controversy concerning Adam's satisfaction of the permanent employment relation test under ORS 656.126(1) and *Northwest Greentree, Inc. v. Cervantes-Ochoa, supra*, 113 Or App at 188. There was no error in the Board's refusal to assess penalties against SAIF.

DIF and Noah make a number of arguments concerning the referee's credibility findings. We have considered those arguments and reject them.

Affirmed on petition; affirmed on cross-petition of Department of Insurance and Finance and SAIF Corporation; on cross-petition of Adam Berkey reversed and remanded for reconsideration of noncompliance issue and otherwise affirmed.