Argued and submitted December 18, 1996, affirmed February 12, 1997

In the Matter of the Compensation of
Michael D. Quinton, Claimant.

Michael D. QUINTON,
*Petitioner,*

*v.*

LT&L LOGGING, INC.,
and SAIF Corporation,
*Respondents.*

(94-13396; CA A92673)

932 P2d 105

Meagan Flynn argued the cause for petitioner. On the brief were Daniel R. Guggenheim and Pozzi Wilson Atchison.

Michael O. Whitty argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) that upheld the denial of his claim for benefits on the ground that his injury in Colorado was not incidental to Oregon employment. We review for errors of law and substantial evidence, ORS 183.482(8)(a) and (c), and affirm.

Claimant, a timber worker, worked seasonally for employer from 1990 through 1994. Employer, an Idaho corporation, engaged in logging in Oregon until July 1994. In early July 1994, employer told claimant to stop working at the Oregon job site and offered him a job in Colorado. Claimant accepted the offer and went to Colorado. Employer moved the bulk of its equipment and employees to Colorado, established an office there and began logging.

On August 29, 1994, claimant was working for employer in Colorado when he injured his back while felling a tree. SAIF denied his claim for medical services. The administrative law judge and the Board affirmed that denial. The Board found that when employer "abandoned its Oregon logging activities in July 1994, there was no Oregon employment to which claimant could return" and, consequently, that when claimant was injured, he was not temporarily employed in Colorado incidental to Oregon employment.

■     Claimant argues that the Board did not properly apply the permanent employment relation test to determine whether his work outside Oregon was temporary and incidental to his Oregon employment. He contends that "the Board simply considered whether [he] had a 'reasonable expectation of returning to work for the employer in Oregon,'" and that the Board should have considered his "reasonable expectation" as one among several applicable factors.[1] He

---

[1] Claimant also argues that the Board's consideration of the "reasonable expectation" factor was legal error. However, claimant did not raise this argument before the Board. In response to SAIF's argument that claimant's expectation of returning to work for employer in Oregon was not reasonable, claimant argued to the Board only that his expectation was reasonable. Because the argument was not raised below, we do not consider it for the first time on review. *Llewellyn v. Board of Chiropractic Examiners*, 318 Or 120, 127, 863 P2d 469 (1993).

contends that if the Board had considered all of the applicable factors, it would have concluded that his work in Colorado was incidental to his Oregon employment. SAIF responds that the Board correctly applied the permanent employment relation test and that claimant did not have a permanent employment relationship in Oregon after employer moved to Colorado.

■      Whether workers injured out of state are entitled to benefits under Oregon's workers' compensation system is governed by ORS 656.126(1), which provides, in part:

> "If a worker employed in this state and subject to this chapter temporarily leaves the state incidental to that employment and receives an accidental injury arising out of and in the course of employment, the worker * * * is entitled to the benefits of this chapter as though the worker were injured within this state."

Workers subject to ORS chapter 656 who work outside Oregon generally continue to be covered by this state's workers' compensation system if Oregon is the place of their permanent employment and if their presence out of state is incidental to that employment. *SAIF v. Moe*, 142 Or App 62, 66, 919 P2d 533 (1996); *Berkey v. Dept. of Ins. and Finance*, 129 Or App 494, 498, 879 P2d 240 (1994). In determining whether claimant's work outside the state is temporary, the correct standard is the permanent employment relation test. *Moe*, 142 Or App at 67. That test allows consideration to be given to a number of factors, none of which is dispositive, including (1) the intent of the employer, (2) the understanding of the employee, (3) the location of the employer and its facilities, (4) the circumstances surrounding the work assignment, (5) the state laws and regulations to which the employer is subject, and (6) the residence of the employees. *Berkey*, 129 Or App at 498. It is not necessary that the Board make detailed findings on each factor that it considers. *Power Master, Inc. v. National Council on Comp. Ins.*, 109 Or App 296, 301-02, 820 P2d 459 (1991).

In this case, the Board applied the correct standard. It found that employer moved to Colorado because work in Oregon was "dying out;" that employer had abandoned its logging operations in Oregon in July 1994; that there was no

work for claimant to return to in Oregon; that only one of employer's logging employees, a truck driver, remained in Oregon after the operations moved to Colorado; that although initial paychecks had been drawn on an Oregon bank, claimant's subsequent paychecks were drawn on a Colorado bank; and that the last paperwork claimant received from employer came from New Mexico. Those findings are supported by substantial evidence in the record. Based on those findings, the Board did not err in concluding that claimant is not an Oregon subject worker.

Claimant's second assignment of error is that substantial evidence does not support the Board's finding that his expectation of returning to work for employer in Oregon was not reasonable. There is substantial evidence in the record to support that finding.

Affirmed.