Argued and submitted November 10, 1998, affirmed September 15, 1999

Anna L. GREINER,
*Respondent,*

*v.*

MUTUAL OF ENUMCLAW INSURANCE COMPANY,
a Washington corporation,
*Appellant.*

(97-CV-0149-AB; CA A101362)

986 P2d 643

Alan Gladstone argued the cause for appellant. With him on the briefs were William G. Earle and Abbott, Davis, Rothwell, Mullin & Earle, P.C.

Warren J. West argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Wollheim, Judges.

LANDAU, P. J.

## LANDAU, P. J.

This case involves a dispute over the amount of underinsured motorist coverage (UIM) available to a plaintiff who was injured in an accident that resulted in injury to a number of people. Defendant Mutual of Enumclaw Insurance Company (insurer) reduced plaintiff's recovery by the amount that the underinsured tortfeasors' insurers paid to others injured in the accident who did not file UIM claims with insurer, as well as by the amount that the underinsured tortfeasors' insurers paid plaintiff. The parties stipulated to the relevant facts and filed cross-motions for summary judgment. The trial court ruled that insurer was not entitled to offset the amount the underinsured motorists' insurers paid to others who were not UIM claimants and granted plaintiff's motion for summary judgment. Insurer appeals. For the following reasons, we affirm.

On review of a summary judgment, we determine whether there are any genuine issues of material fact and, viewing the evidence in the light most favorable to the non-moving party, whether the moving party is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). As noted, the facts are not in dispute, and the issue presented is a purely legal one.

In December 1993, plaintiff was a passenger in a vehicle driven by her husband. Two other passengers, the Mitchells, were in the same vehicle. The vehicle was in a multi-car accident caused by the negligence of two other drivers, Hepola and Rood. Plaintiff sustained serious injuries, and her damages exceeded $300,000. Hepola had insurance that provided liability limits of $100,000 per person and $300,000 per occurrence. Rood had insurance that provided liability limits of $25,000 per person and $50,000 per occurrence. Plaintiff and her husband had UIM coverage with a combined single limit (CSL) of $300,000.

Plaintiff settled with Hepola for the $100,000 per person limit of her policy and settled with Rood for the $25,000 per person limit of his policy. The Mitchells recovered $30,000 from Hepola's insurance carrier and $16,500

from Rood's insurance carrier. The Mitchells made no claims for UIM coverage under plaintiff's policy.

Plaintiff filed a UIM claim with insurer for $175,000, which is the difference between her recovery from the tortfeasors and the CSL of her own UIM coverage. Insurer took the position that it was entitled to offset from plaintiff's recovery the amounts that the Mitchells recovered from the underinsured motorists, thus reducing plaintiffs' recovery to $128,500. The trial court agreed with plaintiff that insurer was not entitled to offset amounts that others involved in the same accident who had no UIM claims recovered from the tortfeasors and granted plaintiff's motion for summary judgment.

On appeal, defendant argues that the trial court erred in construing ORS 742.504 as not permitting the offset. It is undisputed that the policy issued by insurer, as written, allows for the offset; the question is whether the offset is permissible under the terms of ORS 742.502 and ORS 742.504.

ORS 742.502 requires that insurers providing automobile liability coverage also provide uninsured/underinsured motorist coverage in the same amount as bodily injury liability coverage, unless the insured elects a lower amount. ORS 742.504 provides, in part, that all policies for uninsured and underinsured motorist coverage shall be "no less favorable in any respect to the insured or the beneficiary than if the following provisions [of ORS 742.504] were set forth in the policy." Thus, the "statute obligates defendants to provide UM [and UIM] coverage to plaintiff under the statute's terms[.]" *Fox v. Country Mutual Ins. Co.*, 327 Or 500, 504, 964 P2d 997 (1998).

ORS 742.502 provides, in part:

"(2)(a)  A motor vehicle bodily injury liability policy shall have the same limits for uninsured motorist coverage as for bodily injury liability coverage unless a named insured in writing elects lower limits. The insured may not elect limits lower than the amounts prescribed to meet the requirements of ORS 806.070 for bodily injury or death. Uninsured motorist coverage larger than the amounts required by ORS 806.070 shall include underinsurance coverage for damages or death caused by accident and arising

out of the ownership, maintenance or use of a motor vehicle that is insured for an amount that is less than the insured's uninsured motorist coverage. *Underinsurance benefits shall be equal to uninsured motorist coverage benefits less the amount recovered from other automobile liability insurance policies.*"[1]

(Emphasis added.)

ORS 742.504(7) provides, in part:

"(a)   The limit of liability stated in the declarations as applicable to 'each person' is the limit of the insurer's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident.

"(b)   Any payment made under this coverage to or for an insured shall be applied in reduction of any amount which the insured may be entitled to recover from any person who is an insured under the bodily injury liability coverage of this policy.

"(c)   *Any amount payable under the terms of this coverage* because of bodily injury sustained in an accident by a person who is an insured under this coverage *shall be reduced by*:

"(A)   *All sums paid on account of such bodily injury by or on behalf of the owner or operator of the uninsured vehicle and by or on behalf of any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the bodily injury liability coverage of the policy*[.]"

(Emphasis added.)

Insurer maintains that, under ORS 742.704(7)(c)(A), it is entitled to offset from its insured's UIM recovery all

---

[1] ORS 742.502 was amended to provide that "the 'amount recovered from other automobile liability insurance policies' means the proceeds that are recovered by or on behalf of the injured person but does not include any proceeds of that liability policy received by other injured persons." ORS 742.502(5). However, that amendment does not apply to the present case.

amounts that the tortfeasors' insurers paid to injured parties who are not making UIM claims under the policy, as well as the amounts paid to any other claimants for UIM coverage under the policy. Insurer asserts that our decision in *Mutual of Enumclaw Ins. Co. v. Key,* 131 Or App 130, 883 P2d 875 (1994), *rev den* 320 Or 567 (1995), supports its interpretation. *Key* was a declaratory judgment action by the insurer against two of its insureds who were seriously injured in an accident with an underinsured driver, in which the insurer sought a declaratory judgment "regarding the amounts of UIM benefits available to defendants." *Id.* at 132. The defendants argued that they should be allowed to recover $100,000 each from the tortfeasor's insurance (the per person limit on the tortfeasor's policy) as well as an additional $300,000 under the $300,000 CSL of their own policy. *Id.* This court rejected the defendants' argument as impermissible "stacking" of coverage and held that the "UIM benefits available to each defendant are subject to the policy's single limit and are reduced by all amounts paid by the tortfeasor's insurance." *Id.* at 134. Insurer reads that language broadly to mean that they are entitled to offset "all amounts paid by the tortfeasor's insurance" to anyone and not just to UIM claimants. We do not agree that *Key* can be read that broadly. *Key* concerned the amount of "UIM benefits available *to defendants,*" *id.* at 132, who were arguing about how much they were entitled to receive under the policy. It did not address the issue in regard to non-UIM claimants.

In any event, the recent decision of the Oregon Supreme Court in *Grijalva v. Safeco Ins. Co.,* 329 Or 36, 985 P2d 784 (1999), disposes of insurer's argument entirely. In *Grijalva,* the plaintiff and a passenger were injured by an underinsured motorist, and both filed UIM claims under the plaintiff's policy. The insurer sought to offset the plaintiff's recovery by the amounts that the passenger had received from the underinsured motorist's insurer, rather than simply the amount that the plaintiff had received from that source. The court rejected the insurer's argument that it was entitled to such an offset:

> "ORS 742.504(7)(c) provides that '[a]ny amount payable under the terms of this coverage because of *bodily injury sustained in an accident by a person* who is an insured

under this coverage shall be reduced by * * * (A) [a]ll sums paid on account of *such bodily injury* by or on behalf of the owner or operator of the uninsured vehicle * * *; and * * * (B) [t]he amount paid * * * on account of *such bodily injury* under any workers' compensation law.' (Emphasis added.) When the provision thus is read as a whole, it is clear that 'such bodily injury' in subparagraphs (A) and (B) refers back to the phrase 'bodily injury sustained in an accident by *a* person who is an insured under this coverage' (emphasis added) in paragraph (c). The use of the singula—'a person'—shows that the legislature was referring to the individual claimant. It also is clear that, under the statute, 'amounts payable' to that person are to be reduced by the sums paid for 'such bodily injury,' *i.e.,* the individual claimant's injury, paid *to that person* out of the tortfeasor's liability policy or out of workers' compensation on account of *that person's* injuries."

329 Or at 43-44 (emphasis in original). There is no meaningful distinction between *Grijalva* and the present case. The trial court correctly determined that insurer was not entitled to offset from plaintiff's recovery the amounts that the Mitchells recovered from the underinsured motorists.

Affirmed.