Argued and submitted December 7, 2006, affirmed May 16,
petition for review denied August 14, 2007 (343 Or 206)

In the Matter of the Compensation of
Robert S. Nelson, Claimant.

Robert S. NELSON,
*Petitioner,*

*v.*

SAIF CORPORATION/LJ STANLEY
& ASSOCIATES, INC.,
and LJ Stanley & Associates, Inc.,
*Respondents.*

Workers' Compensation Board
0402127; A130157

159 P3d 379

Edward J. Harri argued the cause for petitioner. With him
on the briefs was David A. Vinson.

David L. Runner argued the cause and filed the brief for
respondents SAIF Corporation/LJ Stanley & Associates, Inc.

No appearance for respondent LJ Stanley & Associates,
Inc.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

HASELTON, P. J.

---

* Rosenblum, J., *vice* Ceniceros, S. J.

**HASELTON, P. J.**

Claimant, who was injured when he fell while descending from a roof in Ohio, seeks review of an order of the Workers' Compensation Board (the board) that upheld the denial of his claim. ORS 656.298. The board determined that, although claimant was employed by an Oregon employer at the time of his injury, he was not an Oregon "subject worker," ORS 656.005(28); ORS 656.027, because he worked permanently outside of Oregon. We review for substantial evidence and errors of law, ORS 183.482(8), and affirm.

The following facts, as found by the administrative law judge (ALJ) and supplemented by the board, are supported by substantial evidence. Employer is an Oregon corporation with its headquarters in Eugene. At all material times, claimant lived in Michigan. In June 2000, or perhaps earlier, claimant began "courting" employer to hire him for a sales position. In September 2000, claimant was hired over the telephone without ever coming to Oregon. In December 2000, claimant faxed an executed "noncompetition and nondisclosure agreement" from Michigan to employer's office in Eugene.

Claimant continued living in Michigan and worked for employer from an office in his home. Initially, in 2001 and early 2002, claimant worked as a sales manager for employer in the northeastern United States. Sometime before June 4, 2002, employer promoted claimant to national sales manager. Claimant's job duties included traveling throughout the eastern and midwestern United States to meet with customers and other sales managers. In addition, claimant occasionally attended trade shows in various locations. Neither claimant nor employer intended claimant to perform work in Oregon.

Claimant was paid by direct deposit from the Eugene office, and claimant also had group health insurance funded by employer. Employer withheld federal taxes and Michigan state taxes from claimant's paychecks.

Claimant had other periodic contact with, and oversight from, employer's Eugene office. For example, claimant

submitted expense reports to the Eugene office. When claimant traveled, he made hotel reservations through employer's travel agent there. When claimant attended trade shows, he was often accompanied by sales managers from Eugene. However, claimant traveled to Oregon only twice on business during the two years he worked for employer.

On June 4, 2002, while working in Ohio, claimant injured his shoulder as he was descending from a roof. At the time of claimant's injury, employer did not maintain workers' compensation insurance in either Michigan or Ohio. In July 2002, claimant's employment with employer ended.

Claimant underwent surgery on his shoulder and filed applications for workers' compensation benefits in both Michigan and Oregon. The Michigan claim was dismissed after the parties stipulated that the Michigan Workers' Compensation Board lacked jurisdiction over claimant's claim. SAIF denied the Oregon claim after concluding that claimant was not an Oregon "subject worker."

Claimant requested a hearing before an ALJ. The ALJ, applying ORS 656.126(1) and the "permanent employment relation" test, concluded that claimant was an Oregon "subject worker," and, thus, set aside SAIF's denial.[1] The board reversed the ALJ's decision and reinstated SAIF's denial. The board concluded that neither ORS 656.126(1) nor the "permanent employment relation" test applied to claimant because claimant was "permanently" employed outside Oregon:

> "At first glance, it appears that Oregon case law supports a general application of the 'permanent employment relation test' in all cases involving a worker employed by an Oregon employer who is injured outside Oregon and is injured incidental to that employment. However, it is apparent from a close review of relevant case law that in those earlier cases, there was no dispute that the claimants

---

[1] As explained more fully below, ORS 656.126(1) provides that a worker who "temporarily leaves the state" incident to his employment retains coverage while absent. The "permanent employment relation" test establishes factors designed to determine "the extent to which the claimant's work outside the state is temporary." *Northwest Greentree, Inc. v. Cervantes-Ochoa*, 113 Or App 186, 189, 830 P2d 627 (1992) (internal quotation marks omitted).

had in fact worked in Oregon before leaving Oregon; instead, the question was only whether the claimants' absence from Oregon was temporary.

"In this case, claimant and the employer both intended that claimant work out of Michigan. It logically follows then that he could not temporarily leave Oregon. In other words, the question of whether claimant *temporarily* left Oregon (*i.e.*, the 'permanent employment relations' test) is based on a predicate fact that is absent from this record.

"Thus, claimant did not 'temporarily' leave the state, but rather was employed by an Oregon corporation to work permanently in another state. Under such circumstances, ORS 656.126(1) does not apply. To apply the permanent employment relation test without considering the plain language of ORS 656.126(1), would lead to absurd results. For example, a person living and working in India for an Oregon-based corporation, who was hired by the corporation but never lived or worked in Oregon, would be entitled to Oregon workers' compensation benefits if injured on the job in India."

(Citations and footnotes omitted; emphasis in original.)

On judicial review, the sole, and dispositive, issue is whether claimant was an Oregon "subject worker" within the coverage of the Workers' Compensation Act (the Act). The parties agree that claimant's work assignment was "permanently," not "temporarily," outside of Oregon. However, they take antithetical positions as to the significance of that circumstance.

For claimant, the fact that he was injured while he was employed permanently outside of Oregon is immaterial: So long as he was injured while working for an Oregon employer, he is a "subject worker" within the Act's coverage. In particular, claimant reasons that (a) subject to certain specified exceptions that are inapplicable here, all workers employed by Oregon employers are "subject workers" for purposes of the Act, *see* ORS 656.027 ("All workers are subject to this chapter except those nonsubject workers described in the following subsections[.]"); (b) claimant was employed by an Oregon employer; therefore, (c) claimant was a covered "subject employee." Claimant concludes: "Residence in Oregon is

not a condition for coverage and the Act does not exclude coverage for subject workers who work outside the state."[2]

Conversely, for employer and SAIF, the fact that claimant was employed permanently outside of Oregon when he was injured is all-important, precluding coverage under the Act. In that regard, respondents point out—as the board emphasized—that, as a matter of statutory context, although ORS 656.126(1) provides for coverage for workers "employed in this state" who are injured while "temporarily" out of Oregon, nothing in the Act provides coverage for workers employed by Oregon employers who are injured while permanently working outside of Oregon. Further, respondents note, no reported decision applying the permanent employment relation test has ever extended coverage to a person employed by an Oregon employer to work permanently outside of Oregon.

We conclude that claimant was not a "subject worker" within the coverage of the Act. Specifically, we agree with the board that, notwithstanding the ostensible unqualified breadth of ORS 656.027, the totality of the statutory scheme—and ORS 656.126(1) particularly—conclusively establishes that persons who are employed to work permanently outside of Oregon are not covered under the Act.

ORS 656.126(1) provides, in part:

"If a worker employed in this state and subject to this chapter *temporarily leaves the state* incidental to that employment and receives an accidental injury arising out of and in the course of employment, the worker * * * is entitled to the benefits of this chapter as though the worker were injured within this state."[3]

---

[2] Claimant also argues, alternatively, that even if some out-of-state workers of Oregon employers might not be "subject workers," in the circumstances presented here and under a proper application of the permanent employment relation test, claimant is, nevertheless, entitled to coverage as a "subject worker." We address, and reject, that contention below. *See* 212 Or App at 634-36.

[3] ORS 656.126(2) addresses the obverse circumstance, *viz.*, when a "worker from another state" is "temporarily within this state doing work" for his or her employer. That provision reads as follows:

"Any worker from another state and the employer of the worker in that other state are exempted from the provisions of this chapter while that worker is temporarily within this state doing work for the employer:

(Emphasis added.) Here, claimant acknowledges that his circumstances do not fall within the terms of that statute; specifically, claimant concedes:

> "[I]t is true that claimant was not 'temporarily' outside the state of Oregon because he was hired without being physically present in the state and because the nature of his employment as a regional sales manager for his Oregon employer required him to work in the eastern parts of the United States[.]"

Nevertheless, claimant insists that he is entitled to coverage because, in his view, the Act requires Oregon employers to provide coverage for all of their employees, regardless of the location of their work, and because "ORS 656.126 has limited, rather than unlimited, application to workers employed outside the state."

We disagree. ORS 656.126(1) conclusively contradicts claimant's baseline argument that the location of work is immaterial to coverage under the Act. If claimant were correct, ORS 656.126(1) would be not only superfluous or gratuitous but, even more, implicitly misleading. If the location of work were immaterial, so long as the injured worker was employed by an Oregon employer, then there would there be no need for ORS 656.126(1), much less for the further qualification regarding the employee being "temporarily" outside of Oregon. Indeed, if claimant were correct, the development of the permanent employment relation test (which we discuss below) in applying ORS 656.126(1) would have been not merely academic, but—in cases in which we held that there was no coverage under ORS 656.126(1)—erroneous.[4]

---

"(a) If that employer has furnished workers' compensation insurance coverage under the workers' compensation insurance or similar laws of a state other than Oregon so as to cover that worker's employment while in this state;

"(b) If the extraterritorial provisions of this chapter are recognized in that other state; and

"(c) If employers and workers who are covered in this state are likewise exempted from the application of the workers' compensation insurance or similar laws of the other state."

[4] *See, e.g., Quinton v. LT&L Logging, Inc.*, 146 Or App 344, 932 P2d 105 (1997) (applying the permanent employment relation test and denying coverage after determining that the employee had permanently left the state).

Like the board, we decline to treat ORS 656.126(1) as nugatory. Indeed, we are precluded from doing so. *See* ORS 174.010 (in construing statutes, courts are obligated to "if possible * * * give effect to all" provisions); *see also State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005) (explaining relationship between ORS 174.010 and contextual analysis).

Rather, the necessary implication and effect of ORS 656.126(1) is that the location of work (*viz.*, outside of Oregon) and the term/duration ("temporary" versus "permanent") of such work are not only material to, but dispositive of, coverage under the Act. To wit: (1) Subject to certain exceptions, *e.g.*, ORS 656.126(2), the Act requires coverage for employees who are injured while working in Oregon. (2) The Act requires coverage, under ORS 656.126(1), for workers who (a) are injured while working "temporarily" outside of Oregon and (b) whose employment by an Oregon employer meets the permanent employment relation test. (3) By necessary negative implication, the Act does not provide coverage with respect to employees of Oregon employers who are injured while working *permanently* outside of Oregon. Again, if the Act covered workers in the third group, that would render the "temporarily" qualification of ORS 656.126(1) gratuitous because, under such a construction, it would be immaterial whether the injured worker was outside of Oregon "temporarily" or "permanently."

In sum, the Act's coverage does not extend to employees of Oregon employers who are injured while working permanently outside of Oregon. Still, claimant alternatively asserts that he is entitled to coverage under a proper application of the permanent employment relation test. In *Berkey v. Dept. of Ins. and Finance*, 129 Or App 494, 498, 879 P2d 240 (1994), we summarized the factors that are material to that inquiry:

"(1)   the intent of the employer;

"(2)   the understanding of the employee;

"(3)   the location of the employer and its facilities;

"(4)   the circumstances surrounding the work assignment;

"(5)  the state laws and regulations to which the employer is subject; and

"(6)  the residence of the employees."

We developed, and have applied, the permanent employment relation test solely in the context of disputes over coverage under ORS 656.126, beginning with *Kolar v. B & C Contractors*, 36 Or App 65, 583 P2d 562 (1978). *See, e.g., Quinton v. LT&L Logging, Inc.*, 146 Or App 344, 932 P2d 105 (1997) (concluding that, under ORS 656.126(1), the employee was not a subject worker); *Northwest Greentree, Inc. v. Cervantes-Ochoa*, 113 Or App 186, 830 P2d 627 (1992) (concluding that, under ORS 656.126(1), the employee was a subject worker); *Power Master, Inc. v. Blanchard*, 103 Or App 467, 798 P2d 691 (1990) (same); *see also Phelan v. H.S.C. Logging, Inc.*, 84 Or App 632, 735 P2d 22, *rev den*, 303 Or 590 (1987) (concluding that the employee was not a subject worker in the context of an ORS 656.126(2) dispute).

Claimant's alternative argument fails for either of two reasons. *First*, the permanent employment relation test applies only to determining coverage under ORS 656.126. *See, e.g., Quinton*, 146 Or App at 347 ("In determining whether claimant's work outside the state is temporary, the correct standard is the permanent employment relation test."); *SAIF v. Moe*, 142 Or App 62, 67, 919 P2d 533 (1996) ("[T]he key inquiry under ORS 656.126(1) is 'the extent to which the claimant's work outside the state is temporary.' To determine whether a worker has temporarily left Oregon incidental to Oregon employment, we apply the 'permanent employment relation test.'" (Citations omitted.)). We have never employed that analysis more generally under the Act. Here, as noted, claimant acknowledges that ORS 656.126(1) does not apply to him because, at the time of his injury, he had not "temporarily" left Oregon—instead, he was working permanently outside of Oregon. Consequently, this case does not present the necessary predicate for employing the permanent employment relation test.

*Second*, even if that test were somehow otherwise apposite, claimant does not dispute that the parties both understood, over the entire course of his employment, that he

would be working outside of Oregon, without any contemplation that at some time in the future claimant would be relocated to Oregon to perform work within this state. *Compare Quinton*, 146 Or App at 347-48 (no expectation that the employee would return to Oregon), *with Moe*, 142 Or App at 67-68 (both the employer and the employee contemplated the employee's return to Oregon). Consequently, the *sine qua non* of the permanent employment relation test was not satisfied here.[5]

Affirmed.

---

[5] We recognize that our holding presents the potential—a potential that was realized in this case—that, depending on other states' workers' compensation provisions, an injured worker may be left without any coverage. Nevertheless, as we have observed in other, analogous circumstances, a "remedy, if any, lies not in judicial ingenuity, but in legislative amendment." *Grijalva v. Safeco Ins. Co.*, 153 Or App 144, 158, 956 P2d 995 (1998), *rev'd*, 329 Or 36, 985 P2d 784 (1999) (Haselton, J., concurring).