Argued and submitted October 7, 2015, reversed and remanded April 13, 2016

MEDI-TECH
INTERNATIONAL CORPORATION,
*Petitioner,*

*v.*

Joseph KWIECINSKI,
*Respondent.*

Workers' Compensation Board
1300006SD; A157013

371 P3d 1285

Sommer E. Tolleson argued the cause and filed the briefs for petitioner.

Edward J. Hill argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wilson, Judge pro tempore.

LAGESEN, J.

## LAGESEN, J.

Employer petitions for review of a final order of the Director of the Department of Consumer and Business Services.[1] In that order, the director determined that claimant, who was injured in a car accident in New York, was a "subject worker" covered by Oregon's Workers' Compensation Law, ORS 656.001 to 656.990 (the Act), notwithstanding the fact that claimant was out of the state at the time. Employer contends that, in reaching that conclusion, the director erroneously failed to apply the legal framework established by our case law for determining when a worker injured while working outside of the state is covered by the Act. On review for legal error, ORS 656.740(5); ORS 183.482(8), we agree with employer and, accordingly, reverse and remand.

When an employee of an Oregon employer is injured while working in Oregon, the determination of whether the employee is a "subject" worker covered by the Act is generally straightforward. With some exceptions, the Act affords workers' compensation coverage to employees of Oregon employers who are injured while working in Oregon. *Nelson v. SAIF*, 212 Or App 627, 634, 159 P3d 579, *rev den*, 343 Or 206 (2007).

This case, however, does not involve a worker injured in Oregon; it involves a worker injured out of state. Under those circumstances, the Act affords coverage only if certain criteria are met. Specifically, under ORS 656.126(1), workers injured out of state are covered by the Act "if Oregon is the place of their permanent employment and if their presence out of state is incidental to that employment." *Quinton v. LT & L Logging, Inc.*, 146 Or App 344, 347, 932 P2d 105 (1997). The Act affords no "coverage with respect to employees of Oregon employers who are injured while working *permanently* outside of Oregon." *Nelson*, 212 Or App at 634 (emphasis in original). When the matter is disputed,

---

[1] In their briefs, the parties refer to the order on review as the order of the Workers' Compensation Board. However, pursuant to ORS 656.740(5)(a), the order on review, which was issued by an administrative law judge in the Hearings Division of the Workers' Compensation Board, is "deemed to be a final order of the director." ORS 656.740(5)(a). For that reason, we refer to the order on review as being that of "the director" rather than that of "the board."

the six-factor "permanent employment relation test"[2] supplies the standard for determining whether Oregon was the worker's permanent place of employment at the time the worker was injured. *Quinton*, 146 Or App at 347; *see Nelson*, 212 Or App at 634 (stating that, under ORS 656.126(1), the Act "requires coverage * * * for workers who (a) are injured while working 'temporarily' outside of Oregon and (b) whose employment by an Oregon employer meets the permanent employment relation test").

Claimant in this case lives in Happy Valley, Oregon. Employer is headquartered in Brooklyn, New York. For slightly longer than two months, employer employed claimant as a regional sales representative for the states of Alaska, Washington, Oregon, Idaho, and Montana. During claimant's first week of employment, employer required claimant to travel to New York to receive training with employer's New Jersey sales representative. At one point during the training trip, employer's New Jersey sales manager was driving claimant to see the Statue of Liberty when their vehicle was struck from behind and claimant was injured.

After the accident, claimant returned home and filed workers' compensation claims in both New York[3] and Oregon. With respect to the Oregon claim, the Workers' Compensation Division (WCD) determined that claimant was not a subject worker at the time of his injury. As authorized by ORS 656.740(2) and (4), claimant requested a hearing on that determination before an administrative law judge (ALJ). The ALJ concluded that claimant was a subject worker and reversed WCD's determination. In so doing, the ALJ did not apply the permanent employment relation test in order to determine whether claimant was permanently employed in Oregon at the time of his injury. The ALJ

---

[2] As we have explained, the permanent employment relation test

"allows consideration to be given to a number of factors, none of which is dispositive, including (1) the intent of the employer, (2) the understanding of the employee, (3) the location of the employer and its facilities, (4) the circumstances surrounding the work assignment, (5) the state laws and regulations to which the employer is subject, and (6) the residence of the employees."

*Quinton*, 146 Or App at 347.

[3] Claimant's New York claim was dismissed due to the fact that he failed to attend a hearing.

reasoned that our decision in *Nelson* did not require him to do so. Employer and WCD asked that the ALJ reconsider that decision, arguing that case law clearly required the ALJ to apply the permanent employment relation test in order to assess whether a worker injured while working out of state is covered by the Act under ORS 656.126(1). The ALJ issued a final order on reconsideration. In that order, he adhered to his prior conclusions that claimant was a subject worker and that, under *Nelson*, he was not required to apply the permanent employment relation test in order to ascertain whether claimant was permanently employed in Oregon at the time of his injury.

Employer has petitioned for review of that order, which, by operation of ORS 656.740(5)(a), is "deemed to be a final order of the director." On review, employer reiterates its argument that the director erred by not applying the permanent employment relation test to evaluate whether claimant's permanent place of employment was Oregon at the time of the injury, so as to bring claimant under the coverage of the Act pursuant to ORS 656.126(1).

Employer is correct that the director erred. As noted above, the Act does not extend coverage to a worker injured out of state unless, at the time of injury, Oregon was the worker's permanent place of employment, as determined under the permanent employment relation test, and the worker's out-of-state work was only temporary. *Nelson*, 212 Or App at 634. In other words, ordinarily, to determine whether an employee of an Oregon employer who was injured outside of Oregon is covered by the Act, a factfinder must apply the permanent employment relation test to assess whether Oregon was the employee's permanent place of employment at the time of the injury.

The director's conclusion to the contrary was based on a misreading of *Nelson*. In that case, it was undisputed that the claimant, who was injured in Ohio, was permanently employed in Michigan. *Nelson*, 212 Or App at 631. Because it was not disputed that the claimant was permanently employed in Michigan, not Oregon, we concluded that it was not necessary to apply the permanent employment relation test to assess whether the claimant was a subject

worker at the time of his Ohio injury. That was because, as a matter of law, the Act's "coverage does not extend to employees of Oregon employers who are injured while working permanently outside of Oregon." *Id.* at 634. Additionally, we recognized that, even if the permanent employment relation test did apply under the circumstances, the claimant's acknowledgment that the parties never contemplated that the claimant would perform any work in Oregon would preclude the conclusion that the claimant's permanent place of employment was Oregon. *Id.* at 635-36.

Here, by contrast, the parties dispute whether claimant's permanent place of employment at the time of his injury was Oregon or was, instead, outside of Oregon. Given that dispute, our case law required the director to apply the permanent employment relation test to determine whether claimant was permanently employed in Oregon at the time of his injury in New York, so as to bring him within the coverage of ORS 656.126(1). Because the director failed to do so, our standard of review requires us to reverse and remand for the director to determine whether claimant is a subject worker under the correct legal standard. ORS 183.482(8)(a)(B) (providing for remand to agency for further action when agency has based its decision on an erroneous interpretation of the applicable law).

Reversed and remanded.